**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 99-50517**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**MIGUEL DE SANTIAGO-GONZALEZ,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Western District of Texas

March 20, 2000

Before JOLLY and DeMOSS, Circuit Judges, and DOWD[*], District Judge.

DeMOSS, Circuit Judge:

Miguel DeSantiago-Gonzalez ("DeSantiago") appeals from the sentence imposed by the district court after he pleaded guilty to attempting to unlawfully reenter the United States after deportation in violation of 8 U.S.C. § 1326.

**BACKGROUND**

The facts of this case are quite simple and are undisputed. Miguel DeSantiago was deported from the United States in January, 1999. He attempted to reenter the United States at the Paso del Norte port of entry in El Paso, Texas on February 14, 1999, and he pleaded guilty to illegal reentry by a deported alien in violation of 8 U.S.C. § 1326. Prior to his original deportation, DeSantiago had thrice been convicted in New Mexico of the misdemeanor offense of driving while intoxicated ("DWI"), and according to the pre-

_____
[*] District Judge of the Northern District of Ohio, sitting by designation.

sentence report ("PSR"), for each conviction, he had been given jail time.[1]

In the PSR, the probation officer recommended that DeSantiago's base offense level be increased by four levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(B), because he had previously been convicted of three misdemeanor crimes of violence. DeSantiago objected to the PSR, claiming that the misdemeanor DWI violations were not "crimes of violence." The district court overruled his objections, stating that drunk driving creates a serious risk of physical injury to another and therefore, is a crime of violence making DeSantiago eligible for the § 2L1.2(b)(1)(B) enhancement. The district court sentenced DeSantiago to a 20-month term of imprisonment, followed by a one-year term of supervised release, and DeSantiago has timely appealed.

## DISCUSSION

DeSantiago's only issue on appeal is whether the district court erred by enhancing his sentence four levels under § 2L1.2 because he had been thrice convicted of misdemeanor crimes of violence. We review a district court's application of the guidelines *de novo*, and its findings of fact for clear error. *See United States v. Hornsby*, 88 F.3d 336, 338 (5th Cir. 1996); *see also*

---

[1] DeSantiago was first convicted for driving while intoxicated on August 11, 1991 in Roswell, New Mexico -- he pleaded guilty and was sentenced to 48 days in jail. Next, he was convicted for driving while intoxicated on January 29, 1993 in Roswell -- he pleaded guilty and was sentenced to 90 days in jail. Finally, he was convicted of aggravated driving while intoxicated on March 17, 1994 in Roswell -- he pleaded guilty and was sentenced to 364 days in jail.

***United States v. Reyna-Espinosa***, 117 F.3d 826, 828 (5th Cir. 1997).

The applicable guidelines offense section for DeSantiago's conviction under 8 U.S.C. § 1326, provides as follows:

> **2L1.2. Unlawfully Entering or Remaining in the United States**
>
> (a) Base Offense Level: **8**
>
> (b) Specific Offense Characteristic
>
>> (1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):
>>
>>> (A) If the conviction was for an aggravated felony, increase by **16** levels.
>>>
>>> (B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by **4** levels.

U.S.S.G. § 2L1.2.

According to application note 1 to this guideline section, the term "crime of violence" is defined according to the provisions of U.S.S.G. § 4B1.2, and for purposes of § 2L1.2(b)(1)(B), the term includes offenses punishable by imprisonment for a term of one year or less. The applicable definition of a "crime of violence" for the purposes of DeSantiago's sentence is thus found at § 4B1.2(a), which provides as follows:

>> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>>
>>> (1) has as an element the use,

3

attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2. The application notes to § 4B1.2 go on to further narrow the definition of a "crime of violence":

> 1. For purposes of this guideline--
>
> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2, application note 1.

Based upon the foregoing, the central issue in this case becomes, does the misdemeanor offense of driving while intoxicated implicate § 4B1.2 because such an offense, by its very nature, "involves conduct that presents a serious potential risk of physical injury to another"?

We have held that a "substantial risk" requires only a strong probability of occurrence, not certainty. *See United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995). We have also held that the term "by its nature" dictates a categorical approach to determining whether particular conduct is a crime of violence under

4

18 U.S.C. § 16(b), that is, a crime is either violent by its nature or not -- the circumstances of a particular case do not control the determination of whether the crime is violent "by its nature." *See United States v. Valazquez-Overa*, 10 F.3d 418, 420 (5th Cir. 1996).

The district court relied on the reasoning of a Seventh Circuit case, *United States v. Rutherford*, 54 F.3d 370 (7th Cir. 1995), for its holding that the very nature of the act of driving while intoxicated involves "a serious risk of physical injury." *Id.* at 376. DeSantiago argues that the district court's reliance on *Rutherford* is misplaced, because that decision violated rules of statutory construction. He urges a plain meaning analysis of the term "serious potential risk of physical injury."

The government contends that DeSantiago's argument that rules of statutory construction prohibit a finding that DWI can be a crime of violence has been foreclosed by our recent holding in *Camacho-Marroquin v. INS*, 188 F.3d 649, 652 (5th Cir. 1999), in which we relied upon *Rutherford.* In *Camacho*, we held that the Texas crime of felony DWI is, by its very nature, a crime of violence. However, we are reluctant to give *Camacho* controlling effect because it was a deportation case wherein the applicable definition of "crime of violence" was found at 18 U.S.C. § 16, which defines the term "crime of violence" in language similar to but not identical with the definition which controls the sentencing issue presented in this appeal found at U.S.S.G. §4B1.2(a).

Consequently, while we agree with DeSantiago that *Camacho* does not control the outcome of this case, we find persuasive the

reasoning of **Rutherford**, that the very nature of the crime of DWI presents a "serious risk of physical injury" to others, and makes DWI a crime of violence. In effect, sub-paragraph (2) of § 4B1.2(a) expands the definition of "crime of violence" so as to encompass such reckless and negligent conduct as driving while intoxicated. As noted above, we take a categorical approach in determining whether a particular crime is violent "by its nature." *See* **Valazquez-Overa**, 10 F.3d at 420. As the **Rutherford** court noted, that drunk driving is inherently dangerous, is "well-known and well documented." **Rutherford**, 54 F.3d at 376. Thus, as a result of the inherent risk of physical injury associated with drunk driving in general and without regard to the circumstances of any particular case, we join the Seventh Circuit in holding that by its very nature, the crime of driving while intoxicated is a crime of violence as that term is defined in U.S.S.G. § 4B1.2(a)(2).

Accordingly, we hold that the district court did not err in finding that the misdemeanor crime of DWI constitutes a "crime of violence" under § 4B1.2(a)(2). And since DeSantiago had thrice been convicted of a misdemeanor crime of violence at the time of his attempted unlawful reentry into the United States, the four-level enhancement under § 2L1.2(b)(1)(B) was appropriate.

## CONCLUSION

For all of the foregoing reasons, the sentence imposed by the district court below is **AFFIRMED**.

6