DENNIS, Circuit Judge,
dissenting:
As the majority opinion observes, the Texas offense of unauthorized use of a *640 vehicle “requires that a person (1) intentionally or knowingly operate (2) another’s boat, airplane, or motor-propelled vehicle (3) without the effective consent of the owner.” Tex. Penal Code Ann. § 31.07. I agree with the majority that the Texas crime is not an offense that “(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, [or] involves use of explosives[.]” U.S.S.G. § 4B1.2(a). I cannot agree with the majority, however, that the Texas offense of unauthorized use of a vehicle is a state crime that “otherwise involves conduct that presents a serious potential risk of physical injury to another.” Id.
In United States v. Fitzhugh, 954 F.2d 253 (5th Cir.1992), cert. denied, 510 U.S. 895, 114 S.Ct. 259, 126 L.Ed.2d 211 (1993), this court held that by amending U.S.S.G. § 4B1.2 on November 1, 1989, the Sentencing Commission made clear that only conduct “set forth in the count of which the defendant was convicted” may be considered in determining whether the offense is a crime of violence. Section “4B1.2 does not intend to define ‘crime of violence’ by reference to conduct underlying the offense when the defendant is not charged and convicted of such conduct.” Id. at 254. As this court in Fitzhugh noted, “[t]his interpretation is further supported by the 1991 amendments to the commentary to § 4B1.2[,]” which “now states that the term ‘crime of violence’ includes offenses where ‘the conduct set forth, (i.e. expressly charged) in the count of which the defendant was convicted’ poses a substantial risk of physical injury to another.”[1] Id. at 255. Accordingly, “[t]he sentencing court should consider conduct expressly charged in the count of which the defendant was convicted, but-not any other conduct that might be associated with the offense.” Id. As the majority appears to acknowledge in its footnote 2, U.S.S.G: § 4B1.2 did not refer to the 18 U.S.C. § 16 definition of “crime of violence” at the time of this court’s decision in Fitzhugh and does not now refer to that definition.[2]
I further agree with the majority that Fitzhugh is the law of this circuit and therefore trumps subsequent conflicting panel opinions. See Maj.Op. at p. 639 (quoting Billiot v. Puckett, 135 F.3d 311, 316 (5th Cir.), cert. denied, 525 U.S. 966, 119 S.Ct. 413, 142 L.Ed.2d 336 (1998)).
Applying U.S.S.G. § 4B1.2(a), as explained by Fitzhugh, to the present case, I conclude that Jackson’s Texas unauthorized use of vehicle offenses did not constitute “crimes of violence” under that sentencing guideline. The conduct of which Jackson was expressly charged in connection with the offenses did not pose a substantial risk of physical injury to another. The offenses as defined by Texas law, viz., intentionally or knowingly operating another’s vehicle without the owner’s consent, do not pose a substantial risk of physical injury to another.
If either United States v. DeSantiago-Gonzalez, 207 F.3d 261, 263 (5th Cir.2000) or United States v. Galvan-Rodriguez, 169 F.3d 217 (5th Cir.), cert. denied, — U.S. -, 120 S.Ct. 100, 145 L.Ed.2d 85 (1999) is in conflict with United States v. Fitz- *641 hugh, 954 F.2d 253, 254 (5th Cir.1992), cert. denied, 510 U.S. 895, 114 S.Ct. 259, 126 L.Ed.2d 211 (1993), it must yield to the previous holding and precedent in Fitzhugh.
In my view, DeSantiago-Gonzalez and Galvan-Rodriguez are legally and factually distinguishable from Fitzhugh and the present case; and neither DeSantiago-Gonzalez nor Galvan-Rodriguez is controlling here. In Galvan-Rodriguez, an alien was charged with illegal entry into the United States and reentry following deportation in violation of 8 U.S.C. §§ 1325, 1326. Pursuant to U.S.S.G. § 2L1.2, the probation officer recommended a 16 level sentence enhancement because Galvan had been convicted of an aggravated felony: unauthorized use of a motor vehicle. The sole issue on appeal in Galvan-Rodriguez was whether unauthorized use of a motor vehicle qualified as a crime of violence under 18 U.S.C. § 16, which includes any offense “that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.” Galvan-Rodriguez, 169 F.3d at 219 (emphasis added). Galvan-Rodriguez did not call for the application of U.S.S.G. § 4B1.2(a), involving “conduct that presents a serious potential risk of physical injury to another,” but applied U.S.S.G. § 2L1.2 which refers to the broader definition of crime of violence contained in 18 U.S.C. § 16. Galvan-Rod-riguez is also distinguishable from the present case because the court in Galvan-Rodriguez determined that “when an illegal alien operates a vehicle without consent, a strong probability exists that the alien may try to evade the authorities by precipitating a high-speed car chase[.]” Galvan-Rodriguez, 169 F.3d at 220. Jackson was neither charged nor convicted of illegal entry or unauthorized use of a vehicle as an illegal alien.
DeSantiago-Gonzalez involved an alien who pleaded guilty to illegal reentry and who had three convictions for driving while intoxicated (DWI). The probation officer recommended a four level sentence enhancement because DeSantiago had committed three misdemeanor crimes of violence. Applying U.S.S.G. § 4B1.2(a), DeSantiago-Gonzalez ruled that DWI was per se a crime of violence because it “involves conduct that presents a serious potential risk of physical injury to another.” The court noted that the fact that “drunk driving is inherently dangerous, is ‘well known and well documented.’ ” DeSantiago-Gonzalez, 207 F.3d at 264 (citing United States v. Rutherford, 54 F.3d 370, 376 (7th Cir.), cert. denied, 516 U.S. 924, 116 S.Ct. 323, 133 L.Ed.2d 224 (1995)). On the other hand, it is not “well known and well documented” that the unauthorized use of a vehicle always by its very nature “presents a serious potential risk of physical injury to another.”
In summary, U.S.S.G. § 4B1.2(a) as interpreted by Fitzhugh provides the correct principles of law applicable to the present case. A proper application of those principles leads to the conclusion that Jackson’s unauthorized use of a vehicle under Texas law did not constitute a “crime of violence.” Therefore, the sentencing court erred in considering them as such in determining Jackson’s sentence. Accordingly, Jackson’s sentence should be vacated and this case should be remanded for resen-tencing.

. U.S.S.G. § 4B1.2(a), Commentary, Application Note 1, in pertinent part, provides:
For purposes of this guideline — .. .“Crime of Violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as “crimes of violence” if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material, or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

. Unlike U.S.S.G. § 4B1.2(a) and its Commentary, 18 U.S.C. § 16 defines "crime of violence” as including “use of physical force against the ... property of another” as well as against the person of another.