UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 99-31083
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

VERNESSA BATTLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
(99-CR-38-ALL-B)
_____

September 11, 2000

Before WOOD*, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:**

Appellant Vernessa Battley pleaded guilty to an indictment charging her with possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). The district court sentenced Battley to a federal prison term of 87 months, a penalty at the top of the guideline range. The district court explained that it arrived at this sentence after concluding that Battley had a prior conviction

*Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

**Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a crime of violence -- a 1995 Louisiana state conviction of enticing persons into prostitution. See U.S.S.G. § 2K2.1(a)(4)(A) (stating that the offense level for the offense of felon in possession of a firearm is 20 if the defendant had a prior conviction for a crime of violence).

Battley challenges this sentence, arguing that the district court applied the wrong guideline. Although Battley concedes that she has a prior conviction for enticing persons into prostitution, she contends that enticement into prostitution does not qualify as a crime of violence. For the reasons that follow, we disagree and affirm Battley's sentence.

I.

Section 2K2.1 of the U.S. Sentencing Guidelines establishes the base offense levels for unlawful possession of firearms. Section 2K2.1(a)(4)(A) states that sentencing judges should apply a base level of 20 if "the defendant had one prior felony conviction of either a crime of violence or a controlled substance offense." Section 4B1.2(a), in turn, defines a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

See U.S.S.G. § 2k2.1, n.5 (1998) (adopting definitions in § 4B1.2).

When determining whether an offense constitutes a crime of violence under 4B1.2(a), we must first look to the statutory elements of the crime, inquiring whether the elements of the crime itself require the state to show that the defendant threatened physical force, burgled a building, exposed others to a serious risk of physical injury, etc. See United States v. Jackson, 2000 WL 1028991, *3 & n.3 (5th Cir. July 26, 2000). If the statute itself does not impose such a "categorical" requirement, we then look to the charging instrument to see whether the defendant's conduct falls within section 4B1.2(a)'s definition of a crime of violence. Id. at *3. As this Court has recently explained, however, "we may not ... consider the specific conduct underlying [a Defendant's] convictions unless that conduct were included in the charging instrument for those offenses." Id.

Viewing Battley's conviction "categorically," we conclude that the crime of enticing persons into prostitution is a crime of violence as defined by section 4B1.2(a). By enticing persons, in this case, her two minor stepdaughters, into prostitution, Battley undoubtedly exposed them to "a serious risk of physical injury." See § 4B1.2(a). The well-documented perils of prostitution include contracting sexually transmitted diseases, suffering physical abuse, rape, and murder by clients, and a wide-variety of other physiological harms. See e.g., Sylvia A. Law, Commercial Sex: Beyond Decriminalization, 73 S. Cal. L. Rev. 523, 533 & nn. 47–50

(2000)(noting a "study of 130 street prostitutes in San Fransisco found that 82% had been physically assaulted, 83% had been threatened with a weapon [and], 68% had been raped while working as prostitutes"); Margaret A. Baldwin, Split at the Root: Prostitution and Feminist Discourses of Law Reform, 5 Yale J.L. & Feminisim 47, 89 (1992)(citing Canadian study that women and girls in prostitution suffer a mortality rate 40 times the national average); Catharine A. MacKinnon, Prostitution and Civil Rights, 1 Mich J. Gender & L. 13, 25 (1993)("No social institution exceeds [prostitution] in its physical violence."). These inherent dangers easily surpass, both in terms of severity and likelihood, risks that we have found attendant to other crimes and sufficient to bring those crimes within the grasp of 4B1.2(a). See, e.g., United States v. DeSantiago-Gonzalez, 207 F.3d 261, 264 (5th Cir. 2000)(holding that driving while intoxicated constitutes a crime of violence because it involves serious risk of physical injury); United States v. Galvan-Rodriguez, 169 F.3d 217, 219-20 (5th Cir.), cert. denied --- U.S. ---—, 120 S.Ct. 100 (1999)(holding that unauthorized use of a motor vehicle constitutes a crime of violence because of the "substantial risk that the vehicle might become involved in an accident"). Thus, the district court did not err in concluding that Battley had previously been convicted of a crime of violence.

AFFIRMED.

-4-