IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50267
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE ALEX ROBERTSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CR-80-ALL
--------------------
November 7, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joe Alex Robertson appeals his sentence following his guilty-plea conviction for bank robbery in violation of 18 U.S.C. 2113(a).

Robertson first argues that the application of the career offender enhancement provision found at U.S.S.G. § 4B1.1 unconstitutionally increased his sentence in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), because the facts supporting the enhancement provision were not proven to a jury beyond a reasonable doubt. Bank robbery in violation of 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 2113(a) is punishable by up to 20 years (240 months) in prison. As such, bank robbery is a Class C felony, 18 U.S.C. § 3559(b), subjecting a defendant to a maximum of three years' supervised release. Robertson was sentenced to 178 months' imprisonment and three years' supervised release. Because Robertson did not receive a sentence above the statutory maximum on the bank robbery conviction, Apprendi is inapplicable. United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 121 S. Ct 1163 (2001).

Robertson next argues that the district court erred in applying the career offender enhancement provision because he did not have the requisite prior convictions to support the enhancement. We review the district court's interpretation or application of the sentencing guidelines de novo. United States v. Upton, 91 F.3d 677, 687 (5th Cir. 1996). A defendant is a career offender if, inter alia, he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. The PSR stated that Robertson had two prior convictions for driving while intoxicated, both of which would qualify as felony convictions under U.S.S.G. § 4B1.1.

A PSR generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making guideline determinations, especially when there is no evidence in rebuttal. United States v. Alfaro, 919 F.2d 962, 966 (5th Cir. 1990). Because driving while intoxicated is considered a crime of violence for purposes of U.S.S.G. § 4B1.2, the district court did

not err in applying the career offender provision when determining Robertson's sentence.  <u>United States v. DeSantiago-Gonzalez</u>, 207 F.3d 261, 264 (5th Cir. 2000).

AFFIRMED.