**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-50415
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES EUGENE SUMMERLIN,

Defendant-
Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-99-CR-594-1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
November 13, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Charles Eugene Summerlin appeals his sentence following his jury-trial conviction for two counts of conspiracy to possess with intent to distribute marijuana. He first challenges the district court's application of the career offender enhancement provision in U.S.S.G. § 4B1.1 to his sentence. He argues that such application was erroneous because his previous convictions for driving while under the influence of alcohol ("DUI") are not "crimes of violence" as that term is defined in U.S.S.G. § 4B1.2(a). His argument is foreclosed by this court's holding in United States v. DeSantiago-Gonzalez, 207 F.3d 261, 264 (5th Cir. 2000). To the extent that Summerlin asks this court to reconsider its previous holdings regarding the instant issue, such argument lacks merit. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993)(absent en banc reconsideration or a superseding contrary decision of the Supreme Court, one panel may not overrule the decision of a prior panel).

Summerlin also contends that the district court erred by failing to grant his request for a downward departure because DUI is not specifically listed as a "crime of violence" in U.S.S.G. § 4B1.2. As the record does not indicate that the district court erroneously believed it lacked the authority to depart downwardly, the denial of the downward departure is not a reviewable issue. See United States v. Valencia-Gonzales, 172 F.3d 344, 346 (5th Cir. 1999).

Accordingly, the judgment of the district court is AFFIRMED.