IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41118
_____


UNITED STATES OF AMERICA

                                    Plaintiff - Appellee

      v.

AMARO GARZA GARZA

                                    Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
No. L-00-CR-464-1
_____
February 27, 2002

Before KING, Chief Judge, and REAVLEY and WIENER, Circuit Judges.

PER CURIAM:[*]

     Defendant Amaro Garza-Garza appeals his sentence imposed by

the district court for a violation of 8 U.S.C. § 1326.  For the

following reasons, we AFFIRM.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.


1

## I. Factual and Procedural History

Amaro Garza-Garza pleaded guilty to illegal reentry after deportation, a violation of 8 U.S.C. § 1326(a). Violations of § 1326(a) are generally punishable by up to two years in prison.[1] If the defendant was deported after being convicted of an aggravated felony, however, § 1326(b)(2) increases the maximum term of imprisonment to twenty years.[2] The sentencing guideline applicable to § 1326 calls for a base offense level of eight. U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a) (1998). This base

---

[1] Section 1326(a) reads in relevant part:
    (a) [A]ny alien who –
        (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
        (2) enters, attempts to enter, or is at any time found in, the United States, unless . . . the Attorney General has expressly consented to such alien's reapplying for admission . . .
    shall be fined under Title 18, or imprisoned not more than 2 years, or both.
8 U.S.C. § 1326(a) (1994).

[2] Section 1326(b) reads in relevant part:
    (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection –
        . . .
        (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.
        . . .
8 U.S.C. § 1326(b) (1994).

2

offense level is increased by sixteen levels if the defendant has a prior aggravated-felony conviction.  Id. at § 2L1.2(b)(1)(A). In Garza-Garza's case, the Presentence Investigation Report (the "PSR") recommended a base offense level of eight, an increase of sixteen levels because of two prior aggravated-felony convictions, and a decrease of three levels because of Garza-Garza's acceptance of responsibility, for a total offense level of twenty-one.  In support of the sixteen-level increase, the PSR listed Garza-Garza's felony conviction for driving while intoxicated ("DWI") and his felony conviction for cocaine possession.

The district court adopted the findings of the PSR and sentenced Garza-Garza to seventy-seven months of imprisonment, three years of supervised release, and a special assessment of $100.[3]  Garza-Garza timely appeals his sentence, arguing that: (1) the district court improperly classified his felony DWI conviction as an aggravated felony and thus improperly enhanced his sentence, and (2) the district court improperly enhanced his sentence for a prior aggravated-felony conviction because his indictment for the reentry offense did not allege such a conviction.

---

[3]  This term of imprisonment is within the range applicable to an offense level of twenty-one and a criminal history category of V.  U.S. SENTENCING GUIDELINES MANUAL Ch.5, Part A (sentencing table).

## II.  Garza-Garza's <u>United States v. Chapa-Garza</u> Claim

Garza-Garza's primary argument before this court is that the district court improperly considered his felony DWI conviction to be an aggravated felony and thus improperly enhanced his sentence.  Because Garza-Garza raises this argument for the first time on appeal, we review Garza-Garza's sentence for plain error. <u>United States v. Calverley</u>, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).  We find plain error only if (1) there was an error (2) that was clear and obvious and (3) that affected the defendant's substantial rights.  <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993).  When these elements are present, we may exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  <u>Id.</u> (internal citations and quotations omitted).

Under the sentencing guidelines applicable to illegal re-entry convictions under § 1326, a sixteen-level enhancement is proper if the defendant's prior deportation followed a conviction for an "aggravated felony."  U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A).  The commentary to § 2L1.2 of the sentencing guidelines adopts the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43).  Under that definition, "aggravated felony" includes "a crime of violence."  8 U.S.C. § 1101(a)(43)(F) (1994).  At the time of Garza-Garza's sentencing, this court's precedent suggested that Garza-Garza's felony DWI conviction was

4

properly classified as an aggravated-felony conviction.  See

Camacho-Marroquin v. I.N.S., 188 F.3d 649, 652 (5th Cir. 1999),

opinion withdrawn and reh'g dismissed, 222 F.3d 1040 (2000)

(determining that a felony DWI in Texas is a crime of violence

and thus an aggravated felony); see also United States v.

DeSantiago-Gonzalez, 207 F.3d 261, 264 (5th Cir. 2000) (holding

that misdemeanor DWI's are crimes of violence under a different

sentencing guideline).  Consistent with this precedent, the PSR

classified Garza-Garza's felony DWI conviction as an aggravated-

felony conviction and recommended an offense level increase of

sixteen.[4]  The district court adopted the PSR's recommendations.

In light of Camacho-Marroquin and DeSantiago-Gonzalez, Garza-

Garza did not challenge the sixteen-level enhancement in the

district court.

On March 1, 2001, after Garza-Garza's sentencing, this court

held that a felony DWI in Texas is not a crime of violence and,

therefore, is not an aggravated felony under § 2L1.2(b)(1)(A) of

the sentencing guidelines.  United States v. Chapa-Garza, 243

F.3d 921, 927 (5th Cir. 2001).[5]  Thus, a prior felony DWI

conviction cannot support an offense-level increase of sixteen in

---

[4]  In support of its recommended sixteen-level enhancement, the PSR also listed Garza-Garza's felony conviction for cocaine possession.

[5]  In August 2001, we denied the government's petition for rehearing in Chapa-Garza.  Thus, the government's request that this court defer its decision in this case until it renders a decision on that petition for rehearing is moot.

illegal re-entry cases.  Assuming that the district court in this case relied exclusively on Garza-Garza's felony DWI conviction in adopting the PSR's recommended sixteen-level enhancement, the district court, albeit understandably, committed a clear and obvious error.[6]  Furthermore, without a prior aggravated-felony conviction, Garza-Garza's total offense level would have been ten: a base offense level of eight, a four-level increase for a prior "nonaggravated" felony conviction, and a two-level reduction for acceptance of responsibility.  U.S. SENTENCING GUIDELINES MANUAL §§ 2L1.2(a), (b)(1)(B) & 3E1.1(a).[7]  An offense level of ten corresponds to an imprisonment range of twenty-one to twenty-seven months.  Id. at Ch.5, Part A (sentencing table).  In contrast, the offense level of twenty-one assigned to Garza-Garza corresponds to an imprisonment range of seventy to eighty-seven months, id., and the district court sentenced Garza-Garza to seventy-seven months of imprisonment.  Assuming Garza-Garza's sentence resulted from the incorrect classification of his felony DWI conviction as an aggravated-felony conviction, the dramatic

---

[6]  It is not clear from the record whether the district court enhanced Garza-Garza's sentence because of his DWI conviction, his cocaine conviction, or both.  For purposes of our analysis, we give Garza-Garza the benefit of the doubt and assume that the district court based the sixteen-level enhancement exclusively on Garza-Garza's DWI conviction.

[7]  A defendant with a total offense level of ten is entitled to a two-level reduction for acceptance of responsibility.  U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a).  A defendant with a total offense level greater than sixteen, however, may qualify for a three-level reduction for acceptance of responsibility.  Id. at § 3E1.1(b).

6

increase in the recommended imprisonment range and in Garza-Garza's actual term of imprisonment affected his substantial rights. United States v. Williamson, 183 F.3d 458, 464 (5th Cir. 1999) (concluding that a twofold increase in prison time affected the defendant's substantial rights). Even faced with a clear and obvious error that affected Garza-Garza's substantial rights, however, we will correct the error only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Olano, 507 U.S. at 732.

In addition to the felony DWI conviction, Garza-Garza was convicted of possession of cocaine prior to deportation and sentenced to six years of imprisonment. This felony cocaine conviction is an aggravated felony for purposes of the sixteen-level enhancement under § 2L1.2(b)(1)(A) of the sentencing guidelines. United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997). Thus, if we vacate Garza-Garza's sentence and remand for resentencing, the district court could permissibly rely on Garza-Garza's aggravated-felony cocaine conviction to reinstate the sentence of seventy-seven months of imprisonment. When reviewing for plain error, we uphold a defendant's sentence if the district court could reinstate the same sentence on remand by relying on a reasonable application of the sentencing guidelines. United States v. Ravitch, 128 F.3d 865, 871 (5th Cir. 1997). Accordingly, the district court's erroneous

7

classification of Garza-Garza's felony DWI conviction did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings in this case, and we decline to vacate Garza-Garza's sentence on that ground.[8]

### III. Garza-Garza's Apprendi v. New Jersey Claim

Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Garza-Garza argues that, because the indictment did not allege a prior aggravated-felony conviction, the district court erred in imposing a sentence in excess of the two-year statutory maximum sentence under 8 U.S.C. § 1326(a).[9]  Garza-Garza raised his Apprendi objection before the district court at sentencing.  We review de novo Garza-Garza's challenge to the sufficiency of the

---

[8]  Garza-Garza argues that this court should not affirm his sentence on an alternative ground because he had no opportunity at sentencing to object to an enhancement based upon his cocaine conviction.  This argument is unpersuasive because the PSR listed the cocaine conviction in support of its recommendation of the sixteen-level enhancement.  Garza-Garza did not object to that portion of the PSR.

[9]  The indictment reads:
> On or about December 16, 1999, in the Southern District of Texas and within the jurisdiction of the Court, Defendant, AMARO GARZA-GARZA, an alien who had previously been denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation or removal is outstanding, and having not obtained the consent of the Attorney General of the United States for reapplication by the Defendant for admission into the United States, thereafter entered the United States. In violation of Title 8, United States Code, Section 1326.

indictment and to the legality of the district court's imposition of his sentence. See United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999) (reviewing de novo a challenge to the sufficiency of the indictment); see also United States v. A Female Juvenile, 103 F.3d 14, 15 n.1 (5th Cir. 1996) (reviewing de novo a challenge to the legality of the district court's imposition of a criminal sentence).[10]

In Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998), the Supreme Court held that an indictment in an illegal re-entry case need not allege a defendant's prior aggravated-felony conviction in order for the district court to enhance the defendant's sentence under § 1326(b)(2).[11]  Although the Court's recent decision in Apprendi states that "it is arguable that Almendarez-Torres was incorrectly decided," the Apprendi Court explicitly declined to overrule Almendarez-Torres.  Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (noting that the Supreme Court in Apprendi "expressly declined to overrule Almendarez-Torres").  Thus, we

---

[10]  The government argues that we should review Garza-Garza's Apprendi claim for plain error because Garza-Garza "never contested the adequacy of the notice of the applicability of the statute inasmuch as the statute, 8 U.S.C. § 1326, was correctly cited in the indictment."  This argument fails because "statutory citations may not stand in place of the inclusion of an element of the crime."  Cabrera-Teran, 168 F.3d at 145.  Thus, Garza-Garza is entitled to de novo review concerning whether the indictment supports his enhanced sentence.

[11]  Garza-Garza concedes that his Apprendi claim is foreclosed by the Court's holding in Almendarez-Torres.  However, Garza-Garza raises the claim in this court to preserve the issue for Supreme Court review.

9

must apply the holding of <u>Almendarez-Torres</u> to Garza-Garza's claim "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal citations and quotations omitted).  Accordingly, the district court did not err in enhancing Garza-Garza's sentence beyond the two-year statutory maximum under § 1326(a) even though Garza-Garza's prior aggravated-felony conviction was not alleged in the indictment.

## IV.  Conclusion

For the foregoing reasons, we AFFIRM Garza-Garza's sentence.