IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40175
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUCIANO RESENDEZ-MENDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-291-1
--------------------
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Luciano Resendez-Mendez appeals his sentence following his
guilty-plea conviction for one count of aiding and abetting an
aggravated assault, a violation of 18 U.S.C. § 113.  He argues
that the district court erred in sentencing him as a career
offender pursuant to U.S.S.G. § 4B1.1.  This court will uphold a
sentence unless it is imposed in violation of law, is based on an
erroneous application of the Sentencing Guidelines, or
unreasonably departs from the applicable Guideline range.  United

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

States v. Guadardo, 40 F.3d 102, 103 (5th Cir. 1994). The district court's application of the Guidelines is reviewed de novo, and its findings of fact are reviewed for clear error. United States v. DeSantiago-Gonzalez, 207 F.3d 261, 263 (5th Cir. 2000).

Resendez-Mendez contends that the district court's decision to sentence him as a career offender pursuant to U.S.S.G. § 4B1.1 was erroneous because the evidence adduced at sentencing did not suffice to prove that his prior convictions were felony offenses involving the distribution of a controlled substance. The record supports the district court's decision to impose the disputed adjustment. See U.S.S.G. § 4B1.1; FLA. STAT. § 893.13(1)(a). Resendez-Mendez has not shown that the district court erred in sentencing him. Accordingly, the judgment of the district court is AFFIRMED.