# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

───────────────

m 99-10734

───────────────

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHRISTOPHER RODRIGUEZ JACKSON,

Defendant-Appellant.

───────────────────────

Appeal from the United States District Court
for the Northern District of Texas

───────────────────────

July 26, 2000

Before DAVIS, SMITH, and DENNIS,
    Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Christopher Jackson pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He challenges the constitutionality of § 922(g)(1) and application of the sentencing guidelines. We affirm.

I.

Jackson contends that § 922(g)(1) is unconstitutional but recognizes that we have rejected the same challenge in *United States v. Kuban*, 94 F.3d 971 (5th Cir. 1996), and *United States*

*v. Rawls*, 85 F.3d 240 (5th Cir. 1996). Accordingly, this issue has no merit.

## II.
### A.

Pursuant to U.S.S.G. § 2K2.1(a)(2), Jackson's base offense level was set at 24 on account of two prior state-court convictions that the court deemed to be "crimes of violence," namely two convictions for unauthorized use of a vehicle ("UUV") under TEX. PENAL CODE § 31.07. Jackson contends that the court erred in classifying UUV as a "crime of violence" as that term is defined in U.S.S.G. § 4B1.2.[1] "We review a district court's application of the guidelines *de novo*." *United States v. DeSantiago-Gonzalez*, 207 F.3d 261, 263 (5th Cir. 2000).

Section 4B1.2(a) provides:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that SS

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Application note 1 states:

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

UUV requires that a person (1) intentionally or knowingly operate (2) another's boat, airplane, or motor-propelled vehicle (3) without the effective consent of the owner. *See* TEX. PEN. CODE § 31.07. Because UUV does not have as an element the use, attempted use, or threatened use of physical force against the person of another, § 4B1.2(a)(1) is not applicable. The first clause of subsection (a)(2) is likewise inapplicable, because UUV is not the burglary of a dwelling, arson, or extortion; and UUV does not involve the use of explosives. Therefore, UUV is a "crime of violence" as that term is defined in § 4B1.2(a) only if UUV "presents a serious potential risk of physical injury to another." The court applied this "residual clause" in sentencing Jackson.

Before determining whether that sentencing is correct, we must consider 18 U.S.C. § 16, which also defines "crime of violence."[2] The

---

[1] Application Note 5 to U.S.S.G. § 2K2.1 explicitly incorporates the § 4B1.2 definition of "crime of violence."

[2] At one time, § 4B1.2 incorporated the 18 U.S.C. § 16 definition of "crime of violence." *See*
(continued...)

definition in § 16 differs in that it includes force against property and uses slightly different language:

The term "crime of violence" meansSS

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The differences between the § 16(b) residual clause and the § 4B1.2(a)(2) residual clause are that (1) § 16 includes force against property; (2) § 16 focuses on a risk of physical force, whereas § 4B1.2(a) focuses on a risk of physical injury; (3) § 16 includes the phrase "by its nature," whereas § 4B1.2(a) uses the phrase "involves conduct that;" and (4) § 16 requires a "substantial risk," whereas § 4B1.2(a) requires a "serious potential risk."

The first of these differences is significant: Section 16 explicitly includes risk to property, whereas § 4B1.2(a) includes only risk to persons. The second difference is less important, because "in situations in which there is a substantial risk that physical force against a person will be used, a serious potential risk of physical injury may also exist." *United States v. Kirk*, 111 F.3d 390, 394 (5th Cir. 1997). The third difference is significant, but is tempered by application note 1 to § 4B1.2, which restates the residual clause to require that "the

[2](...continued)
U.S.S.G. § 4B1.2 (1988).

conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . *by its nature*, presented a serious potential risk of physical injury to another" (emphasis added). The fourth difference, the use of "substantial" instead of "serious," is immaterial: "[T]he definitions are substantially similar. Therefore, the reasoning employed in § 16 cases is persuasive authority for [§ 4B1.2 cases]." *Kirk*, 111 F.3d at 394.

B.

The parties dispute whether a court may consider a defendant's specific conduct in making the § 4B1.2 "crime of violence" determination. In *United States v. Fitzhugh*, 954 F.2d 253, 254 (5th Cir. 1992), we held that § 4B1.2 does not allow a court to look beyond the charging instrument to the defendant's specific conduct:

[T]he Sentencing Commission made clear that only conduct "set forth in the count of which the defendant was convicted" may be considered in determining whether the offense is a crime of violence. . . . [Section] 4B1.2 does not intend to define "crime of violence" by reference to conduct underlying the offense when the defendant is not charged and convicted of such conduct. In short, the Commission has repudiated . . . cases which held that a sentencing court can look beyond the face of the indictment in considering this issue.

We applied *Fitzhugh* in *United States v. Ruiz*, 180 F.3d 675 (5th Cir. 1999), in which the defendant, who had pleaded guilty to escape from the custody of a federal prison camp, argued that the district court had erred in concluding that his escape constituted a "crime of violence" under § 4B1.2, because

"he simply walked away from a prison camp where no physical barriers prevented the escape and no guards were armed." *Id*. at 676. We responded:

In *United States v. Fitzhugh*, we held that the commentary to § 4B1.2 makes "clear that only conduct 'set forth in the count of which the defendant was convicted' may be considered in determining whether [an] offense is a crime of violence." Under *Fitzhugh*, we are precluded from looking to the underlying facts of Ruiz's conviction, as he requests, because the circumstances to which Ruiz directs our attention are not mentioned in the indictment. The indictment charges that Ruiz "knowingly escape[d] from custody of [a federal prison camp] . . . in which he was lawfully confined." . . . Every escape scenario is a powder keg, which may . . . explode into violence and result in physical injury.

*Id*. at 676-77.

*Fitzhugh* and *Ruiz* dictate that we may not, as Jackson requests, consider the specific conduct underlying his UUV convictions unless that conduct were included in the charging instrument for those offenses. *See also DeSantiago-Gonzalez*, 207 F.3d at 261 (holding that the misdemeanor offense of driving while intoxicated is, as a categorical matter, a § 4B1.2 "crime of violence"). This rule avoids minitrials in which the government and the defendant would have to "retry" past convictions in the context of a sentencing hearing. Unfortunately, panels of this court, beginning with *United States v. Jackson*, 22 F.3d 583 (5th Cir. 1994), appear to have overlooked *Fitzhugh*.

In *Jackson*, we held that the burglary of a building is not a "crime of violence" within the meaning of § 4B1.2 because it does not always present the requisite risk, and the specific conduct of the defendant, as described in the presentence report, did not present the requisite risk. *Id*. at 585. According to *Fitzhugh/Ruiz*, we should have considered first the categorical issue,[3] then only whether the conduct described in the charging instrument presented the requisite risk.

In *Kirk*, we again considered the specific conduct of a defendant in a § 4B1.2 analysis, and we justified such consideration in a footnote.

[U]nder 18 U.S.C. § 16, we [are] compelled to apply a categorical approach in determining crimes of violence. The Sentencing Guidelines, however, do not require such a categorical approach. *See Jackson*, 22 F.3d at 585. Because we determine that the specific conduct Kirk was convicted of was a crime of violence we decline to rule on whether a violation of [the applicable statute] could be *per se* a crime of violence under Sentencing Guideline section 4B1.2.

*Kirk*, 111 F.3d at 395 n.8 (internal citation omitted). In *United States v. Claiborne*, 132

---

[3] Although *Fitzhugh* and *Ruiz* direct that a court look to the charging instrument, that is unnecessary if, as a categorical matter, the statutory elements of a crime always present the requisite riskSSas a matter of law, those elements are contained in the charging instrument.

F.3d 253, 256 n.3 (5th Cir. 1998), we again followed *Jackson*, this time in *dictum*:[4]

> In determining whether a defendant committed a crime of violence for purposes of U.S.S.G. § 4B1.2, we may consider his specific conduct that resulted in conviction [citing *Kirk* and *Jackson*]. The underlying facts of Claiborne's conviction for attempted unauthorized entry are not set forth in the briefs, but the presentence report notes that he, accompanied by two men, attempted to enter the inhabited dwelling of a woman living in New Orleans.

"[W]here two previous holdings or lines of precedent conflict, the earlier opinion controls and is the binding precedent." *Billiot v. Puckett*, 135 F.3d 311, 316 (5th Cir.), *cert. denied*, 525 U.S. 966 (1998) (internal quotation marks omitted). *Fitzhugh* predates *Jackson*, and therefore *Fitzhugh* is the law of this circuit.

### C.

In *United States v. Galvan-Rodriguez*, 169 F.3d 217 (5th Cir.), *cert. denied*, 120 S. Ct. 100 (1999), an immigration case, we held that UUV is a crime of violence under 18 U.S.C. § 16. Applying a categorical approach, and defining "substantial risk" as requiring "a strong probability that the event . . . will occur," we stated that

> [j]ust as burglary of a vehicle involves a substantial risk that property might be damaged or destroyed in the commission of the offense, the unauthorized use of a vehicle likewise carries a substantial risk that the vehicle might be broken into, "stripped," or vandalized, or that it might become involved in an accident, resulting not only in damage to the vehicle and other property, but in personal injuries to innocent victims as well. It is true that . . . the unauthorized use of a vehicle will not always result in physical force to persons or property, as, for example, when a child takes the family car "joyriding" without parental consent; however, there is a strong probability that the inexperienced or untrustworthy driver who has no pride of ownership in the vehicle will be involved in or will cause a traffic accident or expose the car to stripping or vandalism. In fact, when an illegal alien operates a vehicle without consent, a strong probability exists that the alien may try to evade the authorities by precipitating a high-speed car chase and thereby risking the lives of others, not to mention significant damage to the vehicle and other property.

*Id*. at 219-20.

*Galvan-Rodriguez* holds that UUV's risk to persons and property is sufficiently high to constitute a § 16 crime of violence. We have also held that the misdemeanor crime of driving while intoxicated ("DWI") constitutes a § 4B1.2(a)(2) crime of violence. *See DeSantiago-Gonzalez*, 207 F.3d at 264. Pursuant to this authority, we conclude that UUV's risk to persons is likewise sufficient to render UUV,

---

[4] The consideration of specific conduct was *dictum*, because we concluded that the crime at issue, attempted unauthorized entry of an inhabited dwelling, always presents the requisite risk. *See Claiborne*, 132 F.3d at 256.

as a categorical matter, a crime of violence under § 4B1.2(a)'s residual clause.[5]

While *Galvan-Rodriguez* in part considered the risks to property from UUV$S$namely that a vehicle may be stripped, vandalized, or damaged in a collision$S$$S$our language that there is a "substantial risk that the vehicle . . . might become involved in an accident" and that "there is a strong probability that the . . . [UUV] driver . . . will be involved in or will cause a traffic accident" indicates a sufficiently high risk of personal injuries. *See Galvan-Rodriguez*, 169 F.3d at 219. We are not unsympathetic to Jackson's argument that UUV is not what one might typically consider a "crime of violence," but we do not write on a clean slate, and our precedent dictates that UUV's risks are sufficient to satisfy the § 4B1.2 definition.

AFFIRMED.

ENDRECORD

---

[5] Because we decide the issue as a categorical matter, we need not consult the charging instruments for Jackson's UUV convictions.

DENNIS, Circuit Judge, dissenting:

As the majority opinion observes, the Texas offense of unauthorized use of a vehicle "requires that a person (1) intentionally or knowingly operate (2) another's boat, airplane, or motor-propelled vehicle (3) without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07. I agree with the majority that the Texas crime is not an offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, [or] involves use of explosives[.]" U.S.S.G. §4B1.2(a). I cannot agree with the majority, however, that the Texas offense of unauthorized use of a vehicle is a state crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id.

In United States v. Fitzhugh, 954 F.2d 253 (5ᵗʰ Cir. 1992), cert. denied, 510 U.S. 895 (1993), this court held that by amending U.S.S.G. §4B1.2 on November 1, 1989, the Sentencing Commission made clear that only conduct "set forth in the count of which the defendant was convicted" may be considered in determining whether the offense is a crime of violence. Section "4B1.2 does not intend to define 'crime of violence' by reference to conduct underlying the offense when the defendant is not charged and convicted of such conduct." Id. at 254. As this court in Fitzhugh noted, "[t]his interpretation is further supported by the 1991 amendments to the commentary to §4B1.2[,]" which "now states that the term 'crime of violence' includes offenses where 'the conduct set forth, (i.e. expressly charged) in the count of which the defendant was convicted' poses a substantial risk of physical injury to another."[6] Id. at 255. Accordingly, "[t]he sentencing court should consider

---

[6] U.S.S.G. §4B1.2(a), Commentary, Application Note 1, in pertinent part, provides:
For purposes of this guideline– . . ."Crime of Violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted
(continued...)

conduct expressly charged in the count of which the defendant was convicted, but not any other conduct that might be associated with the offense." Id. As the majority appears to acknowledge in its footnote 2, U.S.S.G. §4B1.2 did not refer to the 18 U.S.C. § 16 definition of "crime of violence" at the time of this court's decision in Fitzhugh and does not now refer to that definition.[7]

I further agree with the majority that Fitzhugh is the law of this circuit and therefore trumps subsequent conflicting panel opinions. See Maj.Op. at p. 5 (quoting Billiot v. Puckett, 135 F.3d 311, 316 (5th Cir.), cert. denied, 525 U.S. 966 (1998)).

Applying U.S.S.G. § 4B1.2(a), as explained by Fitzhugh, to the present case, I conclude that Jackson's Texas unauthorized use of vehicle offenses did not constitute "crimes of violence" under that sentencing guideline. The conduct of which Jackson was expressly charged in connection with the offenses did not pose a substantial risk of physical injury to another. The offenses as defined by Texas law, viz., intentionally or knowingly operating another's vehicle without the owner's consent, do not pose a substantial risk of physical injury to another.

If either United States v. DeSantiago-Gonzalez, 207 F.3d 261, 263 (5th Cir. 2000) or United States v. Galvan-Rodriguez, 169 F.3d 217 (5th Cir.), cert. denied, 120 S. Ct. 100 (1999) is in conflict with United States v. Fitzhugh, 954 F.2d 253, 254 (5th Cir. 1992), cert. denied, 510 U.S. 895 (1993), it must yield to the previous holding and precedent in Fitzhugh.

---

[6](...continued)
involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

[7] Unlike U.S.S.G. §4B1.2(a) and its Commentary, 18 U.S.C. §16 defines "crime of violence" as including "use of physical force against the . . . property of another" as well as against the person of another.

8

In my view, DeSantiago and Galvan are legally and factually distinguishable from Fitzhugh and the present case; and neither DeSantiago nor Galvan is controlling here. In Galvan, an alien was charged with illegal entry into the United States and reentry following deportation in violation of 8 U.S.C. §§ 1325, 1326. Pursuant to U.S.S.G. §2L1.2, the probation officer recommended a 16 level sentence enhancement because Galvan had been convicted of an aggravated felony: unauthorized use of a motor vehicle. The sole issue on appeal in Galvan was whether unauthorized use of a motor vehicle qualified as a crime of violence under 18 U.S.C. § 16, which includes any offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Galvan, 169 F.3d at 219 (emphasis added). Galvan did not call for the application of U.S.S.G. §4B1.2(a), involving "conduct that presents a serious potential risk of physical injury to another," but applied U.S.S.G. §2L1.2 which refers to the broader definition of crime of violence contained in 18 U.S.C. § 16. Galvan is also distinguishable from the present case because the court in Galvan determined that "when an illegal alien operates a vehicle without consent, a strong probability exists that the alien may try to evade the authorities by precipitating a high-speed car chase[.]" Galvan, 169 F.3d at 220. Jackson was neither charged nor convicted of illegal entry or unauthorized use of a vehicle as an illegal alien.

DeSantiago involved an alien who pleaded guilty to illegal reentry and who had three convictions for driving while intoxicated (DWI). The probation officer recommended a four level sentence enhancement because DeSantiago had committed three misdemeanor crimes of violence. Applying U.S.S.G. §4B1.2(a), DeSantiago ruled that DWI was per se a crime of violence because it "involves conduct that presents a serious potential risk of physical injury to another." The court noted that the fact that "drunk driving is inherently dangerous, is 'well known and well documented.'" DeSantiago,

9

207 F.3d at 264 (citing <u>United States v. Rutherford</u>, 54 F.3d 370, 376 (7th Cir.), <u>cert. denied</u>, 516 U.S. 924 (1995)). On the other hand, it is not "well known and well documented" that the unauthorized use of a vehicle always by its very nature "presents a serious potential risk of physical injury to another."

In summary, U.S.S.G. §4B1.2(a) as interpreted by <u>Fitzhugh</u> provides the correct principles of law applicable to the present case. A proper application of those principles leads to the conclusion that Jackson's unauthorized use of a vehicle under Texas law did not constitute a "crime of violence." Therefore, the sentencing court erred in considering them as such in determining Jackson's sentence. Accordingly, Jackson's sentence should be vacated and this case should be remanded for resentencing.