**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-40202**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DAVID GARCIA RUIZ,**
**also known as Davis Batis,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-99-CR-318-1)**

September 29, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Davis Garcia Ruiz contests the upward-departure from the Sentencing Guidelines imposed following his guilty-plea conviction for unlawful possession of a firearm by a convicted felon. He claims the district court abused its discretion by basing the departure on old misdemeanor convictions, dismissed charges unrelated to the instant offense of conviction, and a prior conviction for unauthorized use of a vehicle. And, he asserts, _for_

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*the first time on appeal*, that the district court did not adequately explain the extent of the departure.

The district court determined that the upward departure was appropriate because Ruiz's criminal history category VI inadequately reflected the seriousness of his criminal background and the likelihood of recidivism. *See* U.S.S.G. § 4A1.3, p.s. Ruiz's adjusted criminal history score of 14 placed him in a criminal history category VI. Not considered in that computation were Ruiz's prior convictions for disorderly conduct, unlawful carrying of a weapon, criminal mischief, and failure to identify to a police officer. Additionally, he had prior arrests for assault, criminal mischief, evading arrest, and disorderly conduct – charges that were dismissed as a result of his pleading guilty to other offenses.

Ruiz maintains that the district court improperly treated as "serious dissimilar, criminal conduct", U.S.S.G. § 4A1.2 comment 8, his prior uncounted conviction for criminal mischief for damaging a screen door and wall while intoxicated. Even if this were in error, Ruiz would *not* be entitled to relief because the district court provided other valid reasons justifying the departure. *See* **United States v. Kay**, 83 F.3d 98, 101 (5th Cir.), *cert. denied*, 519 U.S. 898 (1996).

Ruiz also asserts that, as a ground for departure, the district court improperly relied on his arrest record. The court, however, relied on more than the arrest record and explicitly considered, among other things, the violent nature of the conduct for which Ruiz was previously arrested. *See* § 4A1.3, p.s.

Ruiz contends that the district court erred in classifying his unauthorized use of a vehicle (UUV) conviction as a crime of violence. After he filed his appeal brief, our court decided the risk to persons UUV poses makes it categorically a crime of violence under § 4B1.2. *See **United States v. Jackson***, 220 F.3d 635, 639 (5th Cir. 2000). With the inclusion of the UUV conviction, Ruiz's crime carried a base offense level of 24, pursuant to § 2K2.1(a)(2), which was four levels greater than the base offense level calculated by the presentencing report. Therefore, the district court did *not* abuse its discretion in departing upward three offense levels based, in part, on its belief that Ruiz's UUV conviction was a crime of violence.

Finally, we review *only* for plain error Ruiz's contention, for the first time on appeal, that the district court failed to explain adequately the extent of the departure. "[T]he district court [must] consider each intermediate adjustment and state that it has done so, and explain why the guideline category is inappropriate and why the category chosen is appropriate. Ordinarily such explanation will make clear, either implicitly or explicitly, why the intermediate adjustments are inadequate". ***United States v. Daughenbaugh***, 49 F.3d 171, 175 (5th Cir.) (footnote omitted), *cert. denied*, 516 U.S. 900 (1995). In arriving at the sentence imposed, the district court concluded that Ruiz's persistent criminal history of violence required a three-level upward adjustment to his offense level. There was *no* plain error.

In that the decision to depart upward was *not* an abuse of discretion, *see **United States v. Alford***, 142 F.3d 825, 830 (5th

3

Cir.)*, cert denied*, 525 U.S. 1003 (1998), and in that the district court did *not* plainly err in explaining the extent of that departure, *see **id.**,* the judgment is

**AFFIRMED.**