IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10509
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KELVIN DEVINE FAY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CR-64-2-C
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

Kelvin Devine Fay seeks to appeal his conviction for possession of a firearm by a felon and his sentence of 87 months' imprisonment. He argues that the felon in possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional. He acknowledges that this court has previously rejected this argument in United States v. Rawls, 85 F.3d 240 (5th Cir. 1996) and United States v. Kuban, 94 F.3d 971 (5th Cir. 1996). Fay asks this Court, however, to revisit the matter based on the Supreme Court's recent decisions in United States v. Morrison, ___ U.S. ___, 120 S. Ct. 1740

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2000) and Jones v. United States, ___ U.S. ___, 120 S. Ct. 1904 (2000).

The Government argues that Fay has waived his right to raise this issue on appeal. Fay has not filed a reply brief addressing the waiver-of-appeal issue.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence. United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992). To be valid, the waiver must be an informed one. Id. When the record clearly shows that the defendant read and understood the plea agreement and that he raised no question regarding the waiver-of-appeal provision, the plea agreement is upheld. United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994).

The district court asked Fay if he had read and if he understood the plea agreement and in particular the waiver-of-appeal provision. Fay swore in the affirmative. There is nothing in the record to indicate that Fay did not understand or was confused by the waiver-of-appeal provision. See Portillo, 18 F.3d at 292-93. Fay's and his counsel's attestations indicate that he reviewed and understood "every part" of the plea agreement. Fay makes no argument to the contrary. The record shows that Fay knowingly and voluntarily waived his right to appeal his conviction, including the constitutionality of the statute to which he pleaded guilty, in his plea agreement. Portillo, 18 F.3d at 292-93.

Assuming that Fay did not waive his right to appeal the alleged incorrect application of U.S.S.G. § 2K2.1 under exception

(b) to the waiver-of-appeal provision, Fay specifically acknowledges that he is raising this point of error for future appellate purposes only.  He concedes that this Court determined in United States v. Jackson, 220 F.3d 635, 639 (5th Cir. 2000) that the Texas felony offense of Unauthorized Use of a Motor Vehicle is a "crime of violence" as that term is defined in U.S.S.G. § 4B1.2.

AFFIRMED.