IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40898
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CHRISTOPHER MITCHELL

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-27-1
--------------------
April 11, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Christopher Mitchell appeals his conviction and sentence for one count of assaulting a federal corrections officer with a dangerous weapon in violation of 18 U.S.C. § 111. Mitchell first argues that the evidence was insufficient to support his conviction. He notes that he testified that he had no intent to harm any officers and that the Government did not prove the requisite intent. The jury rejected Mitchell's testimony, and we will not overturn that credibility judgment. See United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992); United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Polk, 56 F.3d 613, 620 (5th Cir. 1995); United States v. Millsaps, 157 F.3d 989, 994 (5th Cir. 1998).

Mitchell argues that he should not have been sentenced as a career offender because the instant offense is not a crime of violence. The statutory elements of a 18 U.S.C. § 111 offense are that the defendant, while armed with a dangerous weapon, "forcibly assault[ed], resist[ed], oppos[ed], imped[ed], intimidat[ed], or interfer[ed] with" a federal officer engaged in the performance of his official duties. This offense categorically constitutes a crime of violence for purposes of the U.S.S.G. § 4B1.1 and § 4B1.2 career-offender analysis. United States v. Jackson, 220 F.3d 635, 638 & n.3 (5th Cir. 2000).

Mitchell has not shown that the evidence was insufficient to support his conviction or that the district court erred in sentencing him as a career offender. Accordingly, the judgment of the district court is AFFIRMED.