IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10132
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOEL DARNELL PATTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:00-CR-29-1-C
--------------------
June 15, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joel Darnell Patton appeals from his guilty-plea conviction and sentence for being a felon in possession of a firearm. See 18 U.S.C. §§ 2, 922(g)(1), 924(e)(1).

Patton challenges his sentence by arguing that his 210-month sentence is illegal because the indictment failed to charge an offense pursuant to 18 U.S.C. § 924(e)(1); the indictment charged only an offense pursuant to 18 U.S.C. § 922(g)(1), for which punishment is limited to ten years' imprisonment. He contends that 18 U.S.C. § 924(e) is a separate offense from 18 U.S.C.

_____

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 922(g)(1).  Patton acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).  Patton's argument is foreclosed.

For the first time on appeal, Patton challenges the constitutionality of 18 U.S.C. § 922(g)(1).  Patton argues that the statute is beyond the bounds of the Commerce Clause under which Congress has authority to enact federal criminal law.  He notes that this court has decided the issue against him in <u>United States v. Kuban</u>, 94 F.3d 971, 973 (5th Cir. 1996), and <u>United States v. Rawls</u>, 85 F.3d 240, 242-44 (5th Cir. 1996).  However, he asserts that the recent analysis by the Supreme Court in <u>Jones v. United States</u>, 529 U.S. 848, 852-59 (2000), and in <u>United States v. Morrison</u>, 529 U.S. 598, 607-17 (2000), should compel this court to reconsider its holdings in <u>Kuban</u> and <u>Rawls</u>.  Under the plain error standard, Patton fails to carry his burden in demonstrating clear or obvious error.  <u>See</u> <u>United States v. Jackson</u>, 220 F.3d 635, 636 (5th Cir. 2000), <u>cert. denied</u>, (U.S. Apr. 16, 2001) (No. 00-9006); <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

AFFIRMED.