IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-21130
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL BALTAZAR-LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-503-1
_____

August 16, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Miguel Baltazar-Lopez appeals his guilty-plea conviction for being an illegal

alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and

924(a)(2). He contends that the factual basis to which he pleaded is insufficient to

support the interstate commerce element of a § 922(g) offense and that we should

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reconsider our jurisprudence respecting the constitutionality of § 922(g) in light of Jones v. United States[1] and United States v. Morrison.[2]

We have declined to entertain the advanced constitutional challenge to 18 U.S.C. § 922(g)(1).[3] For purposes of this appeal, we view 18 U.S.C. § 922(g)(5) as indistinguishable from 18 U.S.C. § 922(g)(1) for both rely on the same jurisdictional nexus between the firearm and interstate commerce.[4] The cases cited by Baltazar do not affect our consistent determination respecting the constitutionality of 18 U.S.C. § 922(g). Consequently, the judgment of the district court is AFFIRMED.

---

[1]529 U.S. 848 (2000).

[2]529 U.S. 598 (2000).

[3]United States v. De Leon, 170 F.3d 494 (5th Cir.), cert. denied, 528 U.S. 863 (1999); see also, United States v. Jackson, 220 F.3d 635 (5th Cir. 2000), cert. denied, 121 S. Ct. 1640 (2001).

[4]18 U.S.C. § 922(g).