**CORRECTED**

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m 00-31491
Summary Calendar

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

SHAWN BRYAN,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Louisiana
(99-CR-20-ALL-B)

————————————

October 29, 2001

Before JONES, SMITH, and EMILIO M. GARZA Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

————————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. (continued...)

Shawn Bryan appeals his conviction of possession of a firearm by a felon pursuant to 28 U.S.C. § 922(g)(1). The appeal raises questions under the Commerce Clause and the Fourth Amendment. Finding both issues controlled by precedent, and perceiving no reversible error, we affirm.

————————————

*(...continued)
47.5.4.

## I.

Responding to a complaint of drug trafficking, detective Donnie Shirley conducted surveillance of Bryan's apartment and observed heavy nighttime foot traffic there. Shirley and three police detectives went to the apartment to investigate further. Shirley attempted to conduct a "knock and talk".[1] Although there was a light on in the apartment, no one answered the door. Shirley then peered though a window beside the door and observed some marihuana bongs and a silver platter containing marihuana stems and seeds.

Half an hour later, three individuals, none of whom was Bryan, arrived and entered the apartment. Shirley again approached the door to knock, but before he could, he observed the three individuals about to exit. When they did so, Shirley again observed the marihuana plant material and bongs through the door. Shirley advised the individuals of the complaint and asked to search the apartment, but consent was denied because none of the three was a tenant.

The officers decided to get a search warrant. They then handcuffed one of the individuals (later identified as "Blount"), took the keys from his pocket, and secured the apartment, conducting a "sweep" for persons or weapons and to prevent the destruction of evidence. They retrieved a shotgun from Bryan's bedroom and secured the marihuana bongs and plant matter. Shirley and one of the officers left to get a search warrant; once it was obtained, Shirley radioed to the remaining detectives to commence the search.

Near the completion of the search, Bryan and his girlfriend arrived. One of the detectives met him at the door and patted him down. He then asked Bryan whether he had anything on him, to which Bryan replied he had "some pills." The detective read them their rights and asked whether there was anything in their car. Bryan responded that there were a couple of pounds of marihuana and that he owned the shotgun recovered from his bedroom.

## II.

Bryan was charged in a two-count indictment with possession of a firearm by a convicted felon and possession of a sawed-off shotgun. He moved to dismiss, arguing that 18 U.S.C. § 922(g) is unconstitutional as exceeding Congress's Commerce Clause power. He also filed a motion to suppress, arguing that the search violated the Fourth Amendment.

The district court denied Bryan's motion to dismiss and, after a second hearing on the motion to suppress, denied that motion. Bryan then entered into a plea agreement, reserving the right to appeal the denials of these motions. On appeal, Bryan raises two issues: the constitutionality of § 922(g) and the lawfulness of the search.

## III.

We review the constitutionality of statutes *de novo*. *See United States v. Pierson*, 139 F.3d 501, 503 (5th Cir. 1998). This circuit has repeatedly upheld the constitutionality of § 922(g).[2] All of these decisions were handed

---

[1] This is a technique whereby the officer attempts to contact the resident and advise him of the complaint.

[2] *See United States v.* Rawls, 85 F.3d 240, 242 (5th Cir. 1996); *United States v. Kuban*, 94 F.3d 971, 973 (5th Cir. 1996); United *States v. de Leon*,
(continued...)

down after *United States v. Lopez*, 514 U.S. 549 (1995). Bryan's argument in foreclosed by the precedent of this circuit and is therefore without merit.

## IV.

The government contends that regardless of the constitutionality of the original search, the independent source doctrine removes any potential taint from that search. Because this issue may be dispositive, we address it before considering the legality of the warrantless initial search, which we assume *arguendo* was unlawful.[3]

The independent source doctrine allows the introduction of evidence that otherwise would be excluded as tainted by an illegal search. The rationale underlying the doctrine is that evidence seized as the result of a properly-obtained warrant should not be excluded merely because it was previously seized or seen pursuant to an illegal search. *See Murray v. United States*, 487 U.S. 533, 538-41 (1988).

The goal of the independent source doctrine is to avoid placing the government in a worse position than it would have been in absent the illegal search. *See Nix v. Williams*, 467 U.S. 431, 443 (1984). That is, the perfectly legal search that follows on the heels of an illegal one should not be rendered void because of the illegal search. Of course, if the second search is in any way premised on information gained through the first search, the rationale of the independent source rule is undercut, and the fruits of the second search also must be excluded.

This circuit has developed a two-pronged test to determine whether the first and second searches were independent enough to allow evidence from the second search to be admitted. First, the search warrant affidavit, when read without the tainted information, must contain sufficient information to support the issuance of a warrant. Second, the illegal first search cannot have prompted the officers to seek the warrant. *See United States v. Hassan*, 83 F.3d 693, 697 (5th Cir. 1996). The first prong is reviewed *de novo*; the second is reviewed only for clear error. *See id.*

## A.

As to the first prong, the record does not contain the warrant affidavit, nor did the district court make written findings regarding the basis for the warrant. Shirley, the affiant, offered uncontradicted testimony that the affidavit contained only information obtained before entry into the apartment.

Bryan admits the existence of probable cause based on Stanley's observations made before entering the apartment. The first prong of the *Hassan* test was satisfied in exactly the same way in *Grosenheider v. United States*, 220 F.3d 321, 327-28 (5th Cir. 2000) (warrant based only on statements extrinsic to the illegal conduct). Absent any contention that the affidavit relied on facts adduced after the entry into the apartment, *Grosenheider* compels a conclusion that the warrant was supported by probable cause unsullied by information from the initial entry.

---

[2](...continued)
170 F.3d 494, 499 (5th Cir. 1999); *United States v. Jackson*, 220 F.3d 635, 636 (5th Cir. 2000).

[3] *See United States v. Register*, 931 F.2d 308, 311 (5th Cir. 1991) (refusing to consider the exigent circumstances argument because the independent source inquiry was dispositive).

### B.

The second prong requires a separation of the two searches such that the officers' decision to obtain the warrant was unmotivated by anything they learned from the improper search. *See Hassan*, 83 F.3d at 697. We review this finding only for clear error. *See id.*

Again, our review is hampered by the district court's failure to make written findings. The Supreme Court and this court have remanded to correct such deficiencies. *See, e.g., Murray v. United States*, 487 U.S. 533, 543 (1988); *Grosenheider*, 220 F.3d at 328.

Both of these cases, though, are distinguishable. In *Murray*, the court remanded because the inference drawn from the findings the district court did make was not strong enough to avoid remand. *See Murray*, 457 U.S. at 543. In *Grosenheider*, the court merely repeated and followed the command of *Murray*,[4] which is for the district court to make *a* finding, but not necessarily in writing. "[W]hat counts is whether the actual illegal search had any effect in producing the warrant." *See Murray*, 457 U.S. at 542 n.3. Although we do not endorse the district court's methodology, the crucial question is whether the court made a determination that the warrant would have been obtained regardless of what was discovered after entry into the apartment.

Where a district court does not make written findings, we review the record to determine whether any theory of admissibility supports the conclusion.[5] That review convinces us that the theory of independent source supports admission of the evidence. There is enough indication in the record for us to conclude that the court accepted the version of the events relayed by the detectives. That finding is not clear error.

### V.

One final wrinkle is presented by the original seizure of the gun during the protective sweep. Because we are assuming, *arguendo*, that this sweep was illegal, the seizure of the gun was tainted. The second seizure of the gun stemming from the legal search, however, removes any taint from the original seizure. *See Grosenheider*, 220 F.3d at 330 n.10; *Murray*, 487 U.S. at 342.[6] The gun, even though seized as part of the original protective sweep, is admissible under the independent source doctrine.

AFFIRMED.

---

[4] *Cf. United States v. Blount*, 123 F.3d 831, 839 n.6 (5th Cir. 1997) (en banc) (finding a remand unnecessary where no reasonable fact finder could have concluded the warrant was issued based on the information obtained in the illegal search).

[5] *See United States v. Smith*, 543 F.2d 1141, 1145 (5th Cir. 1976); *United States v. Montos*, 421 F.2d 215, 220 n.1 (5th Cir. 1970).

[6] Although the Court in *Murray* spoke of the difficulty of proving that one seizure is genuinely independent of the other, it gave no guidance as to what constitutes this separation. Where, as here, the gun was not the object of the decision to seek a warrant, there is no difficulty in finding adequate separation to uphold the second seizure.