**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-40389

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

JAIME STEVENS,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(B-00-CR-468-1)

May 10, 2002

Before WIENER and DENNIS, Circuit Judges, and DUPLANTIER,[*] District
Judge.

PER CURIAM:[**]

    On November 7, 2000, Mr. Jaime Stevens was charged in a four-
count indictment with knowingly and intentionally conspiring to
possess cocaine with an intent to distribute and with possessing

---

    [*] Judge of the Eastern District of Louisiana, sitting by
designation.

    [**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

cocaine with an intent to distribute. On January 4, 2001, Mr. Stevens pleaded guilty to possessing and conspiring to possess less than 500 grams of cocaine. The Pre-Sentencing Report (PSR) recommended a criminal history category of VI, an offense level of 29 (a base offense level of 12; a 20-level enhancement for Mr. Stevens's career offender status because of his two prior convictions of crimes of violence, i.e, aggravated assault and retaliation; and a 3-level reduction for acceptance of responsibility), and a recommended range of imprisonment of 151 to 188 months.

In three court filings and at the sentencing hearing on September 21, 2001, Mr. Stevens argued that he did not qualify as a career offender because retaliation does not meet the definition of a crime of violence. Mr. Stevens's retaliation conviction is based upon the following statement to his probation officers: "Quien cree ese vato que es, nadie me habla haci [sic] a mi . . . yo soy un chavalon, vale mas que se cuide, proque [sic] me lo voy a chingar . . . y a ti tambien!"[1] In addition, Mr. Stevens later stated that he would find out what vehicles his probation officers drove and where they lived.

Based on the underlying facts surrounding Mr. Stevens's retaliation conviction, the district judge overruled the objection and sentenced Mr. Stevens to 151 months' imprisonment, 3 years' supervised release, and a $100 special assessment. On April 2,

---

[1] The probation officer translated this as, "Who does that guy think he is, nobody talks to me like that. I'm a kid. He better take care, because I'm going to beat him up and you too!" The court interpreter, on the other hand, translated it as, "Who does that dude think he is. Nobody talks about me like that. I'm a really tough guy. He better watch out because I'm going to get even with him, fucking well get even with him, get back at home and you, too."

2001, Mr. Stevens timely filed a notice of appeal.

ANALYSIS

"Application of the Sentencing Guidelines is a question of law subject to de novo review." United States v. Deville, 278 F.3d 500, 509 (5th Cir. 2002). Under U.S.S.G. § 4B1.1, a person is a career offender if he is at least 18 years old at the time of the instant offense, the offense is a felony that is either a crime of violence or a controlled substance offense, and "the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. There is no dispute that Mr. Stevens was at least 18 years old at the time of the instant offense, that the instant offense is a controlled substance violation, or that his prior crime of aggravated assault is a crime of violence. Mr. Stevens challenges only the classification of his retaliation conviction as a crime of violence.

In this circuit, we employ a three-step test for determining whether a conviction constitutes a "crime of violence" under the sentencing guidelines. First, the court must ascertain whether, under U.S.S.G. § 4B1.2(a)(1), the offense "has *as an element* the use, attempted use, or threatened use of physical force against the person of another. . . ." U.S.S.G. § 4B1.2(a)(1) (emphasis added). Under Texas law, "a person commits an offense [of retaliation] if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, prospective witness, informant, or a person who has reported the occurrence of a crime." Tex. Penal Code § 36.06 (1991). "'Harm' means anything reasonably regarded as loss, disadvantage, or injury, including harm to

3

another person in whose welfare the person affected is interested." Id. § 1.07(a)(16). Although the harm involved in the crime of retaliation *may* include the "threatened use of physical force against the person of another," retaliation does not have "*as an element*" of the crime such a requirement. "There is no requirement the harm [involved in the crime of retaliation] be physical harm." Hudspeth v. State, 31 S.W.3d 409, 411 (Tex. Ct. App. 2000). Harm may involve other less concrete injuries, such the filing of an unfounded or fraudulently initiated lawsuit. See, e.g., Fisher v. State, 803 S.W.2d 828, 831 (Tex. Ct. App. 1991). Because retaliation does not, as a categorical matter, have as an element of the crime the use or threatened use of physical force, retaliation does not qualify as a crime of violence under the first step of the test.

Under the second step, we next determine whether, under U.S.S.G. § 4B1.2(a)(2), the offense at issue is included among one of the listed offenses in the sentencing guidelines. The sentencing guidelines specifically enumerate as crimes of violence the crimes of burglary of a dwelling, arson, extortion, or any crime involving the use of explosives. Because retaliation is clearly not listed, it does not qualify as a crime of violence under step two.

Finally, we move to the last step and examine whether, under U.S.S.G. § 4B1.2(a)(2), the offense "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). "[W]e should . . . consider first the categorical issue" of whether "the statutory elements of the crime always present the requisite risk" of physical injury to another. United States v. Christopher Jackson, 220 F.3d 635, 638 n.3 (5th Cir.

4

2000).  For example, in United States v. Ruiz, we held that the crime of escape from the custody of a federal prison camp constitutes a crime of violence because "[e]very escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so."  180 F.3d 675, 677 (5th Cir. 1999) (quoting United States v. Mitchell, 113 F.3d 1528, 1533 (10th Cir. 1997).  Here, however, every retaliation does not present such a risk.  Cf. Fisher, 803 S.W.2d at 831; Hudspeth, 31 S.W.3d at 411.

Next, we examine whether the conduct described in the charging instrument in this particular case presented the requisite risk to be classified as a crime of violence.  As this court and the sentencing guidelines, themselves, have made clear, the relevant scope of inquiry in assessing whether a specific act qualifies as a crime of violence is limited to the indictment or charging instrument.  Christopher Jackson, 220 F.3d at 637-38; United States v. Fitzhugh, 954 F.2d 253, 254 (5th Cir. 1992).  That is, an offense is a crime of violence if "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . ., by its nature, presented a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2 App. Note 1. "[Section] 4B1.2 does not intend to define 'crime of violence' by reference to conduct underlying the offense when the defendant is not charged and convicted of such conduct."  Christopher Jackson, 220 F.3d at 637-38 (quoting Fitzhugh, 954 F.2d at 254).[2]

---

[2] This was once a matter of dispute.  Compare United States v. Albert Jackson, 22 F.3d 583 (5th Cir. 1994) (holding that the district court erred in classifying the defendant's crime of burglary of a building as a crime of violence because the facts of the case presented no evidence upon which to base a conclusion that the defendant posed a serious potential risk of physical injury to

5

Here the Probation Officer in the PSR and, more importantly, the district judge at sentencing clearly looked beyond the charging instrument and into the specific facts of this case in determining that Mr. Stevens's conduct posed a "serious potential risk of physical injury to another." The district court, relying on the PSR, stated as follows:

> [T]he threat to find out what kind of car they drive so that he could find out where they live, all of those things are consistent with the probation officers being concerned about their being physically harmed by your client. . . . I believe that the probation officers had reason to be fearful for their safety and I feel like the evidence was consistent at the time for him to be found guilty of retaliation and that that threat of harm was . . . real and I feel like the threat was real, that the probation officers had reason to believe and did believe that his words were something that he meant to follow up on if he could do so. And so I'm going to overrule your objection and find that it is a crime of violence.

There is absolutely no evidence in the record to show that the

_____

another), with United States v. Fitzhugh, 954 F.2d 253 (5th Cir. 1992) (holding that unlawful possession of a firearm is not a crime of violence and that "it is inappropriate to look beyond the indictment in considering this issue. . ."). "[T]he Sentencing Commission [has since] made clear that only conduct 'set forth in the count of which the defendant was convicted' may be considered in determining whether the offense is a crime of violence. . . . [T]he Commission, has repudiated . . . cases which held that a sentencing court can look beyond the face of the indictment in considering this issue." Christopher Jackson, 220 F.3d at 637-38 (quoting Fitzhugh, 954 F.2d at 254). Similarly, since Albert Jackson, this court has unequivocally stated that "Fitzhugh predates Jackson, and therefore Fitzhugh is the law of this circuit." Id. at 639.

6

district court reviewed the retaliation indictment, and the charging instrument for Mr. Stevens's retaliation conviction is not included in the record before us.  In the absence of this vital document, there is nothing from which either the district court or this court could properly glean the specific conduct necessary to establish a crime of violence.  Thus, the sentence imposed by the district court is VACATED, and this case is REMANDED for resentencing, including examination of the retaliation indictment.