IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40850
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JULIO MOLINA ARGUETA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-219-1
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Julio Molina Argueta ("Molina") appeals the sentencing following his guilty plea to illegal reentry into the United States following deportation. Molina argues that the district court erroneously determined that his conviction for simple battery was a "crime of violence" under U.S.S.G. § 4B1.2. Molina was convicted in Georgia of slapping his common law wife, and he contends that the particular way in which he committed the crime

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of simple battery fails to meet the definition of a "crime of violence."

This court reviews the district court's application of the Sentencing Guidelines *de novo*. United States v. Jackson, 220 F.3d 635, 636 (5th Cir. 2000). Section 4B1.2 defines a "crime of violence" as an offense which has as an element the use, attempted use, or threatened use of physical force against the person of another. U.S.S.G. § 4B1.2(a). Georgia defines simple battery as (1) intentionally making physical contact of an insulting or provoking nature with the person of another, or (2) intentionally causing physical harm to another. GA. CODE ANN. § 16-5-23 (1996). Molina's conviction for simple battery for slapping his common law wife meets the definition of a "crime of violence."

Molina's sentence is AFFIRMED.