IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-21227
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRKPATRICK LAVONTE BROOKS,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(01-CR-458)

---

August 28, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kirkpatrick Lavonte Brooks pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), and was sentenced to 120 months imprisonment and 3 years of supervised release. He appeals his sentence as well as the factual basis offered in support of his guilty plea. We affirm his conviction, vacate his sentence, and remand for resentencing.

Brooks argues for the first time on appeal that the factual

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

basis offered in support of his guilty plea was insufficient to support the interstate commerce element of his offense because it only showed that the gun traveled in interstate commerce at some point in the past. He concedes that this argument is foreclosed by our precedent,[1] and seeks only to preserve the claim for Supreme Court review.

Brooks also argues that the district court erred in calculating his base offense level under Section 2K2.1 of the Sentencing Guidelines by treating his two prior convictions for unauthorized use of a motor vehicle as "crimes of violence." Although the district court's treatment of the prior convictions as "crimes of violence" was correct under our precedent at the time,[2] under our recent en banc decision in *United States v. Charles*, unauthorized use of a vehicle is not a "crime of violence" for sentencing purposes.[3] Accordingly, we vacate Brooks' sentence and remand to the district court for re-sentencing.

Brooks also contends that the district court impermissibly delegated its authority to the probation officer by permitting the probation officer to determine Brooks' "ability to pay" the costs of drug and alcohol detection and treatment. Given that we have

---

[1] *United States v. Daugherty*, 264 F.3d 513, 518 & n.12 (5th Cir. 2001).

[2] *United States v. Jackson*, 220 F.3d 635, 639 (5th Cir. 2000), *overruled by United States v. Charles*, 2002 WL 1764147 (5th Cir. July 31, 2002).

[3] *Charles*, 2002 WL 1764147, at *4.

vacated his sentence, this issue is moot and we decline to consider the question.

　　We AFFIRM Brooks' conviction, VACATE his sentence, and REMAND for resentencing in accordance with this opinion.