In the

# United States Court of Appeals
## for the Fifth Circuit

———————

m 01-20658

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

KEVIN ROSHARD SMITH,

Defendant-Appellant.

———————

Appeal from the United States District Court
for the Southern District of Texas
m 4:01-CR-737-ALL

———————

December 18, 2002

Before JONES, SMITH, and SILER,[*]
   Circuit Judges.

JERRY E. SMITH, Circuit Judge:[**]

Kevin Smith appeals his conviction of, and

———————

[*] Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing for, violating 18 U.S.C. § 922(g)(1) (2001), which prohibits convicted felons from possessing firearms in and affecting interstate commerce. We affirm the conviction but vacate the sentence and remand for resentencing.

## I.
## A.

Off-duty police officers who were working second jobs as security in a grocery store parking lot discovered Smith and three other men drinking alcoholic beverages in a car parked in the lot; the police also smelled marihuana coming from the car. As the men were exiting, at the officers' request, the officers saw Smith, who occupied the front passenger seat, make two overt moves toward the floorboard. They saw a Taurus .38 caliber revolver in plain view where Smith was seated. The weapon had been manufactured in Brazil and had been imported into the United States through Florida.

## B.

Smith was charged with being a felon in possession of a firearm in and affecting interstate commerce under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Smith pleaded guilty without benefit of a plea agreement. At rearraignment, the government stated the factual basis for the plea, and Smith posed no objections.

The presentence investigation report ("PSR") calculated Smith's total offense level under the sentencing guidelines. Smith had two prior felony convictions, one for unauthorized use of a motor vehicle ("UUMV") and one for delivery of a controlled substance. The PSR determined that the latter was a crime of violence.[1] The PSR recommended no reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. It found that Smith had not withdrawn voluntarily from criminal conduct, because, while he was on pretrial supervision, three of his urine specimens tested positive for illegal drugs, and he did not participate in drug counseling as ordered.

Smith filed written objections to the PSR. He objected to the denial of credit for acceptance of responsibility. He argued that his discharge from the federal drug counseling program was because the program was twice rescheduled and because, after a magistrate judge had revoked his bond, he was incarcerated before he could attend the rescheduled meeting. He asserted that his admission of guilt saved the government from trial preparation.

At sentencing, Smith further argued that he was remorseful for his conduct, that his positive drug tests resulted from his drug addiction and inability to handle his drug problem, and that refusing to find acceptance of responsibility based on his continued drug use amounted to punishment for his status as a drug addict. He also urged that UUMV should not be considered a crime of violence under the sentencing guidelines.

The district court overruled the objections. It granted Smith a downward departure of four offense levels to 20 and sentenced him, at the bottom of the guideline range, to 70 months of imprisonment. It further ordered

---

[1] "[I]f the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense," U.S.S.G. § 2K2.1-(a)(2), the appropriate base offense level is 24.

Smith to pay a $100 special cost assessment, to serve three years' supervised release, to submit to drug detection and treatment as directed by the probation officer, and to incur the costs associated with the detection and treatment based on ability to pay, as determined by the probation officer.

## II.

Smith challenges the factual basis for his plea, contending that the facts to which he pleaded failed to establish sufficiently the interstate commerce element of the § 922(g)(1) offense. We review a sufficiency challenge to a guilty-plea conviction for plain error where the issue is raised for the first time on appeal. *See United States v. Marek*, 238 F.3d 310, 315 (5th Cir.) (en banc), *cert. denied*, 534 U.S. 813 (2001). "[N]otwithstanding an unconditional plea of guilty, we will reverse on direct appeal where the factual basis for the plea as shown of record fails to establish an element of the offense of conviction." *United States v. White*, 258 F.3d 374, 380 (5th Cir. 2001).

The constitutionality of § 922(g), in circumstances such as these, was most recently considered and affirmed in *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001), *cert. denied*, 534 U.S. 1150 (2002). Smith's claim is foreclosed by circuit precedent.

## III.

Smith argues that the district court erred by denying him a three-level decrease for acceptance of responsibility on the basis of his drug use while on pretrial release. We review the sentencing court's determination "with even more deference than the pure 'clearly erroneous' standard." *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996). "The defendant bears the burden of demonstrating that he is entitled to the reduction" for acceptance of responsibility under the guidelines. *Id*. We will not disturb the ruling "'unless it is without foundation.'" *United States v. Maldonado*, 42 F.3d 906, 913 (5th Cir. 1995) (quoting *United States v. Roberson*, 872 F.2d 597, 610 (5th Cir. 1989)).

The guidelines direct the sentencing court to reduce the offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense[.]" U.S.S.G. § 3E1.1(a). "The entry of a guilty plea does not entitle a defendant to a reduction as a matter of right." *Flucas*, 99 F.3d at 180. The district court properly weighs whether the defendant has voluntarily terminated or withdrawn from criminal conduct or associations. *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996).

We consistently have upheld a sentencing court's refusal to credit a defendant with an acceptance-of-responsibility adjustment based a positive test for drug use, either while on pretrial release or pending sentence. *Flucas*, 99 F.3d at 180; *Rickett*, 89 F.3d at 227; *United States v. Watkins*, 911 F.2d 983, 984-85 (5th Cir. 1990). In *Flucas*, we specifically rejected the argument that the district court had ruled improperly because the defendant's drug use "did not show a lack of contrition but, instead, was a result of his drug addiction." 99 F.3d at 180.

While under pretrial supervision, Smith submitted three urine specimens, and each tested positively for drugs. Across the three tests, Smith tested positively for cocaine, marihuana, codeine, morphine, opiates, and PCP. We find no error in the refusal to grant a downward adjustment for acceptance of responsibility.

## IV.

Smith contends that the district court impermissibly delegated its authority when it ordered him to incur costs associated with his drug and alcohol protection and treatment based on ability to pay, as determined by the probation officer. Because Smith did not object to his sentence as pronounced in the district court, we review only for plain error. *United States v. de la Pena-Juarez*, 214 F.3d 594, 600 (5th Cir. 2000).

The imposition of special conditions relating to a determination of a defendant's ability to pay the costs of drug treatment and other programs does not constitute an unlawful delegation of authority to the probation officer. *United States v. Warden*, 291 F.3d 363, 366 (5th Cir.), *cert. denied*, 123 S. Ct. 35 (2002). The conditions of supervised release reviewed in *Warden* are analogous to those required by the district court here. We find no error.

## V.

Smith challenges the district court's conclusion that his conviction of UUMV is a crime of violence for purposes of sentencing. We review the district court's interpretation and application of the guidelines *de novo*. *United States v. Charles*, 301 F.3d 309, 313 (5th Cir. 2002) (en banc).

UUMV is not a crime of violence within the meaning of the guidelines. *Id.* at 314 (overruling *United States v. Jackson*, 220 F.3d 635 (5th Cir. 2000)). Smith's base offense level therefore should have been 20, not 24. U.S.S.G. § 2K2.1(4)(A). Were Smith to receive the four-level U.S.S.G. § 5K2.0 downward departure on resentencing, the appropriate guideline imprisonment range would be 46 to 57 months. U.S.S.G. Ch. 5,

pt. A. We must reverse and remand for resentencing where changes in sentencing law between sentencing and appeal benefit the defendant. *United States v. Miranda*, 248 F.3d 434, 445 (5th Cir.), *cert. denied*, 534 U.S. 980 (2001).

The judgment of conviction is AFFIRMED, and the judgment of sentence is VACATED and REMANDED for proceedings consistent with this opinion.