UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11061
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TIMOTHY S. LEE

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division

_____

October 28, 2002

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Defendant, Timothy S. Lee, appeals his guilty plea conviction for being a previously

convicted felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

For the following reasons, we affirm in part, vacate in part and remand for re-sentencing.

I.

On July 15, 2000, Timothy S. Lee was stopped when Officer Atkins of the Haltom City

Police noticed an expired inspection sticker displayed on the windshield of the vehicle Lee was

operating. While waiting for an assist unit to arrive on the scene, Officer Atkins performed a

-1-

computer search and learned that Lee's license had been suspended. Lee was placed under arrest and a search of the vehicle incident to the arrest was conducted at the scene. During the search, a 9mm handgun and ammunition were discovered. It was later learned that Lee had five prior felony convictions, that the firearm had been stolen, and that the handgun had been manufactured outside of the state of Texas, and, therefore, that the firearm had traveled in interstate commerce.

On January 17, 2001, Lee was charged by indictment with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lee filed a pre-trial motion to dismiss the indictment, arguing that § 922(g) is unconstitutional, both on its face and as applied. His motion was denied. Lee subsequently entered a conditional guilty plea pursuant to a written plea agreement. As part of the plea agreement, Lee reserved the right to appeal the district court's denial of his motion to dismiss the indictment.

The presentence report ("PSR" or "report") calculated Lee's base offense level under U.S.S.G. § 2K2.1. The report concluded that Lee's prior conviction for Unauthorized Use of a Motor Vehicle ("UUMV") was a crime of violence. Accordingly, the PSR adjusted Lee's offense level under U.S.S.G. § 2K2.1(a)(4)(A), resulting in a base offense level of 20. Lee objected to the use of a base offense level of 20, arguing that his UUMV conviction should not be considered a crime of violence for purposes of § 2K2.1(a)(4)(A) and § 4B1.2. The district court overruled the objection, and on August 3, 2001, sentenced Lee to 78 months in prison and 3 years of supervised release. Lee subsequently filed a timely notice of appeal.

II.

We first address Lee's arguments regarding the constitutionality of 18 U.S.C. § 922. Lee posits that § 922(g), which proscribes possession of a firearm by a convicted felon, is

unconstitutional on its face because it does not require a substantial effect on interstate commerce. Alternatively, Lee submits that § 922(g) is unconstitutional as applied for the same reason he claims it is unconstitutional on its face –because prosecutions under the statute need not allege or prove any substantial effect on interstate commerce.

At the onset, Lee concedes that his arguments are foreclosed by our decision in *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001), *cert. denied*, 122 S.Ct 1113 (2002). Lee raises the issue here in order to preserve it for Supreme Court review. In *Daugherty*, we found that the defendant's commerce clause challenge to § 922(g) must necessarily fail because "the constitutionality of § 922(g) is not open to question." *Daugherty*, 264 F.3d at 518 (quoting *United States v. DeLeon*, 170 F.3d 494, 499 (5th Cir. 1999), *cert. denied*, 528 U.S. 863, 120 S.Ct. 156, 145 L.Ed.2d 133 (1999)). We also made clear that stipulated evidence showing that a weapon was manufactured outside of the state in which it was possessed was sufficient to support a conviction. *See Daugherty*, 264 F.3d at 514, 518 (firearm that was manufactured in Egypt and imported through Tennessee found sufficient to maintain a § 922(g)(1) conviction).

Here, as in *Daugherty*, there is stipulated evidence that the firearm was manufactured outside the state of Texas and, therefore, that the firearm had previously traveled in interstate commerce. Because we are bound by our prior precedent, Lee's argument regarding the constitutionality of § 922(g) must fail. *See Martin v. Medtronic, Inc.*, 254 F.3d 573, 577 (5th Cir. 2001), *cert. denied*, 122 S.Ct 807 (2002)("a panel of this court can only overrule a prior panel decision if such overruling is unequivocally directed by controlling Supreme Court precedent")(internal quotation and citations omitted). This portion of the district court's judgment is AFFIRMED.

III.

We next address the issue of Lee's prior state conviction for UUMV as it relates to his sentence. Lee argues that his conviction for UUMV should not be considered a crime of violence and therefore should not have been used to increase his base offense level under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2. Lee acknowledges that this argument is foreclosed by our decision in *United States v. Jackson*, 220 F.3d 635639 (5th Cir. 2000), *cert*. *denied*, 532 U.S. 988 (2001), which held that UUMV *is* a crime of violence. Although *Jackson* may have been controlling precedent at the time, our recent case law –in particular, our decision in *United States v. Charles*, 301 F.3d 309 (5th Cir. 2002)– requires that the issue be further scrutinized.

A defendant may appeal a sentence imposed under the sentencing guidelines if the sentence "(1) was imposed in violation of the law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range . . . ." 18 U.S.C. § 3742(a). Because Lee raised his objection below, the district court's application of the guidelines is reviewed de novo, and its findings of fact are reviewed for clear error. *See United States v. Stevenson*, 126 F.3d 390, 393 (5th Cir. 1997).

As previously noted, the base offense levels for crimes involving the unlawful possession of a firearm are set forth in U.S.S.G. § 2K2.1, and an enhanced base offense level of 20 is applied if the defendant has a previous felony conviction for a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). The guideline commentary clarifies that, for the purposes of § 2K2.1, crime of violence "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1, comment. (n.5). According to Section 4B1.2(a):

The term "crime of violence" means any offense under federal or state law, punishable by

imprisonment for a term exceeding one year, that–

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Application Note 1 to this section states:

"Crime of violence" includes murder, manslaughter, kidnaping, aggravated assault, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted involved the use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2, comment. (n.1).

As noted above, the PSR recommended that Lee's base offense level be calculated at 20 because his prior felony UUMV offense constituted a crime of violence. According to the PSR, this recommendation was based on our decision in *United States v. Galvan-Rodriguez*, 169 F.3d 217 (5th Cir. 1999). Lee objected, raising the same issue currently being reviewed, but also conceding that his contention had been rejected in *Jackson*. The district court, in overruling Lee's objection, expressly relied on our holding in *Jackson*.

_United States v. Galvan-Rodriguez_. In *Galvan-Rodriguez*, the defendant was convicted of illegal reentry into the United States and received a sixteen-level enhancement based on his prior

Texas conviction for UUMV. *See Galvan-Rodriguez*, 169 F.3d at 218. The enhancement was imposed pursuant to U.S.S.G. § 2L1.2, under which a defendant who has been deported and unlawfully reenters the country will receive an increased offense level if he has previously been convicted of an "aggravated felony." *See id*. Section 2L1.2 defined aggravated felony, in pertinent part, as any "crime of violence," as that phrase is defined in 18 U.S.C. § 16. *See* U.S.S.G. § 2L1.2, comment. (n.7)(Nov. 1995). According to Section 16(b), a "crime of violence" is a felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16 (1994). This Court held that UUMV is a crime of violence as defined by § 16 and is, therefore, also an aggravated felony for purposes of the § 2L1.2(b)(2) offense level enhancement.

<u>*United States v. Jackson*</u>. In *Jackson*, as in the case currently before us, a defendant with a prior UUMV conviction was subsequently convicted for wrongfully possessing a firearm. *See Jackson*, 220 F.3d at 636. The *Jackson* panel noted that the holding in *Galvan-Rodriguez* –that UUMV is a crime of violence– was based on the fact that UUMV creates a substantial risk that the vehicle might become involved in an accident, resulting in damage to the vehicle, other property and innocent persons. *See id*. at 639. It was also noted that the misdemeanor crime of driving while intoxicated had been held to be a crime of violence under § 4B1.2(a)(2). *See id*. (citing *United States v. DeSantiago-Gonzalez*, 207 F.3d 261, 264 (5th Cir. 2000)). After reviewing these cases, the *Jackson* court held that the "risk to persons is likewise sufficient to render [UUMV], as a categorical matter, a crime of violence under § 4B1.2(a)'s residual clause." *Jackson*, 220 F.3d at 639.

<u>*United States v. Charles*</u>. In *Charles*, a panel of this Court, considering itself bound by

*Jackson*, affirmed the district court's finding that theft of a vehicle is a crime of violence under § 4B1.2(a). *See Charles*, 301 F.3d at 311. After rehearing the case en banc, however, this Court overturned *Jackson*, and limited the holding of *Galvan-Rodriguez* to its property aspects and to § 16(b) cases. *Id*. at 314. We clarified that "sentences involving possession of a firearm by a felon, which also involve a prior conviction for an alleged 'crime of violence,' are to have the 'crime of violence' determination made only in accordance with the definition in § 4B1.2(a) and its accompanying commentary." *Id*. at 312. We held that, for purposes of § 4B1.2, an offense is considered a crime of violence "only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person. Injury to another need not be a certain result, but it must be clear from the indictment that the crime itself or the conduct specifically charged posed this serious potential risk." *Id*. at 314.

After considering Charles' indictment for vehicle theft, this Court concluded that simple theft of a vehicle is not a crime of violence under § 4B1.2. *Id*. Although the defendant's conduct –i.e., theft of a car– presented a risk of injury to property, there was no suggestion in the indictment that Charles' conduct presented a serious potential risk of physical injury to another person. *Id*. Charles "simply exercised control over property (the automobile) and drove it without the owner's consent." *Id*.

<u>Analysis</u>. As a practical matter, our decision in *Charles* overruled the basis for the district court's determination that Lee's prior UUMV conviction is a crime of violence. It should be noted, however, that this Court specifically stated in *Charles* that it had granted rehearing en banc "to determine whether theft of a motor vehicle is a crime of violence under United States Sentencing Guideline ("U.S.S.G.") § 4B1.2(a)(2)." *Id*. at 310. In Texas, theft and unauthorized

use of a vehicle are distinct offenses. *See* TEX. PENAL CODE ANN., §§ 21.03 and 31.07.

The crime of theft involves "unlawfully appropriat[ing] property with intent to deprive the owner of property." TEX. PENAL CODE § 31.03(a). Unauthorized use of a vehicle is defined as "intentionally or knowingly operat[ing] another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE § 31.07(a). Thus, UUMV involves essentially the same elements as theft, but does not require the intent to deprive the owner of property.

The Texas Court of Criminal Appeals has held that UUMV is a lesser included offense of theft. *See Neely v. State*, 571 S.W.2d 926, 928 (Tex. Crim. App. 1978). This would suggest that, because simple theft is not a crime of violence under *Charles*, UUMV –as a lesser included offense of theft– could not be a crime of violence either. Recent case law from the Texas Court of Appeals, however, implies that the Court of Criminal Appeals now reads *Neely* as requiring an examination of the facts of each case to determine whether or not UUMV is a lesser included offense of theft under the particular circumstances. *See Brady v. State*, 2001 WL 459719, *2-3 (Tex. App. 2001)(unpublished).

Because our decision in *Charles* overturned *Jackson*, limited *Galvan-Rodriguez*, and held that vehicle theft is not a crime of violence, it is likely that Lee's UUMV offense cannot be considered a crime of violence. However, we held in *Charles* that the face of the indictment should be examined, and in this case, Lee's state indictment for UUMV is not in the record. Given that the indictment should be reviewed –and that such a review would aid in clarifying the proper application of the somewhat ambiguous Texas law– we therefore VACATE the sentence and REMAND for re-sentencing consistent with *Charles*.

IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part, the judgment of sentence is VACATED and we REMAND the matter for re-sentencing in the light of this opinion and our decision in *Charles*.