IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40476
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIYELL MICHAEL SIMMONS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-01-CR-17-ALL
--------------------
March 6, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Daniyell Michael Simmons pleaded guilty to one count of possession with intent to distribute in excess of five grams of cocaine base, and was sentenced as a career offender to 216 months' imprisonment. He raises three issues for appeal.

Simmons first asserts that 21 U.S.C. § 841 is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He concedes that this argument is foreclosed by our decision in <u>United</u>

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Slaughter, 238 F.3d 580 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001), but he raises it in order to preserve it for further review. This issue is without merit.

Simmons next argues that the magistrate judge lacked jurisdiction to conduct his guilty plea proceedings because no order of referral was entered, and therefore his conviction and sentence must be vacated. This issue is foreclosed by our recent decision in United States v. Bolivar-Munoz, __ F.3d __ (5th Cir. Nov. 20, 2002, Nos. 01-40967, 01-41466), 2002 WL 31599025. Although we concluded that the district court must enter a proper referral order, we also concluded that the failure to do so was a procedural error, which can be waived, rather than a jurisdictional defect. See id. at *2-3. As Simmons consented to proceeding before the magistrate judge and lodged no objection to the absence of a referral order, he has waived the procedural error. See id.

Finally, Simmons argues that his prior Texas conviction for unauthorized use of a motor vehicle ("UUMV") was not a crime of violence as defined in U.S.S.G. § 4B1.2, and therefore should not have been used as a basis for his career-offender enhancement under § 4B1.1. In United States v. Charles, 301 F.3d 309, 314 (5th Cir. 2002)(en banc), this court held that a crime is a "crime of violence" under § 4B1.2(a)(2) "only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person." It is impossible to review the prior indictment under this standard because that

indictment is not found in the present record.  Therefore, we VACATE Simmons' sentence and REMAND to the district court for resentencing consistent with the decision in <u>Charles</u>.  <u>See</u> <u>United States v. Lee</u>, 310 F.3d 787, 791 (5th Cir. 2002).

SENTENCE VACATED; REMANDED.