United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40970
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO ARRIYAGA-PEREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1925-1

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rolando Arriyaga-Perez appeals his conviction and sentence for possession with the intent to distribute in excess of one hundred kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Arriyaga-Perez first argues that the district court erred when it held him responsible, as "relevant conduct," for  marijuana transported by other individuals.

A district court's determination of a defendant's relevant conduct for sentencing purposes is reviewed for clear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error. United States v. Cooper, 274 F.3d 230, 238 (5th Cir. 2001); see also United States v. Villanueva, ___ F.3d ___, 2005 WL 958221, *9 n.9 (5th Cir. 2005). The base offense level for a defendant convicted of a drug offense is determined by the amount of drugs involved, including the amount that can be attributed to him as relevant conduct. U.S.S.G. §§ 1B1.3(a)(1), 2D1.1(a)(3). Relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1).

Arriyaga-Perez was recruited along with sixteen other recruitees and taken to warehouses in Mexico where he and the others picked up marijuana to import into the United States. After picking up the marijuana, Arriyaga-Perez and the others were transported together to the Rio Grande River. Together, they smuggled the marijuana across the river. Based on the record in this case, the district court's decision that the facts were more appropriately viewed as showing jointly undertaken criminal activity was not clearly erroneous. See United States v. Hernandez-Coronado, 39 F.3d 573-74 (5th Cir. 1994).

Second, Arriyaga-Perez argues that the district court erred when it denied his request for a two-level reduction to his offense level based on his minor role. This court reviews for clear error a district court's findings on whether a defendant is entitled to a mitigating role reduction. United States v.

<u>Virgen-Moreno</u>, 265 F.3d 276, 296 (5th Cir. 2001); <u>Villanueva</u>, 2005 WL 958221, *9 n.9.

To qualify as a minor participant, a defendant "must have been peripheral to the advancement of the illicit activity." <u>United States v. Miranda</u>, 248 F.3d 434, 446-47 (5th Cir. 2001). "A downward adjustment is appropriate only where a defendant was <u>substantially less culpable</u> than the average participant." <u>United States v. Valencia-Gonzales,</u> 172 F.3d 344, 346 (5th Cir. 1999) (internal quotation marks omitted). The defendant has the burden of proving that his role in the offense was minimal or minor. <u>United States v. Atanda</u>, 60 F.3d 196, 198 (5th Cir. 1995).

Arriyaga-Perez is equally culpable as the sixteen other men who were recruited to bring bundles of marijuana into the United States. Furthermore, Arriyaga-Perez's conduct was not peripheral to the offense; his involvement began at the warehouses and continued until he was found with a large quantity of marijuana in the United States. He also expected to be paid for his participation in the offense. Accordingly, the district court's determination that Arriyaga-Perez was not a minor participant was not clearly erroneous. <u>See</u> <u>United States v. Valencia-Gonzales,</u> 172 F.3d 344, 346-47 (5th Cir. 1999).

Third, Arriyaga-Perez argues that, under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), his Sixth Amendment rights were violated when the district court sentenced him based on 509 kilograms of marijuana when he admitted only to "in excess of 100

3

kilograms" of marijuana.  Because Arriyaga-Perez did not raise this issue in the district court, we review this claim for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, (Mar. 31, 2005) (No. 04-9517) .

Under the plain-error standard applied in Mares, the pertinent question is whether "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Id.  The record does not contain anything to reflect what the district court would have done had it sentenced him under an advisory scheme.  Arriyaga-Perez has not sustained his burden of showing that the court would have reached a "significantly different result" under an advisory scheme and has consequently failed to show plain error as to his Sixth Amendment argument.  See id.; United States v. Akpan, ___ F.3d __, 2005 WL 852416, *13 (5th Cir. 2005).

Last, Arriyaga-Perez argues that the statute under which he was convicted, 21 U.S.C. § 841(a) and (b) is unconstitutional on its face, under Apprendi v. New Jersey, 530 U.S. 466 (2000).  We have specifically rejected the argument that Apprendi rendered 21 U.S.C. § 841's sentencing provisions facially unconstitutional. United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000); see also United States v. Valenzuela-Quevedo, ___ F.3d ___, 2005 WL 941353, *2 (5th Cir. 2005).  We are bound by our prior precedent on this issue.  See United States v. Lee, 310 F.3d 787, 789 (5th Cir. 2002).

4

The judgment of the district court is **AFFIRMED.**