United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40616
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JESUS CHAVEZ-HERRERA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-939-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jesus Chavez-Herrera ("Chavez") appeals his conviction and

the 30-month sentence imposed following entry of his guilty plea

to one count of possession with intent to distribute 77.35

kilograms of marijuana.  Chavez contends for the first time that

his sentence must be vacated in light of United States v. Booker,

125 S. Ct. 738 (2005).

     Chavez asserts that the district court's finding, made at

sentencing pursuant to U.S.S.G. § 3B1.4 that he used or attempted

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to use minor children to avoid detection during the drug offense, constituted reversible, plain error. Chavez contends that this finding was made in violation of his Sixth Amendment rights and Booker because the finding enhanced his sentence based on facts that were neither alleged in the indictment nor admitted. Chavez argues that the finding resulted in the application of a substantially greater Guideline range and affected his substantial rights. Chavez also contends for the first time that his sentence is unconstitutional because it was imposed pursuant to a mandatory Sentencing Guidelines system.

Our review of Chavez's contentions is for plain error only. United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Chavez must demonstrate error that is obvious and that affects his substantial rights. See Mares, 402 F.3d at 520.

Chavez has demonstrated obvious error. See Booker, 125 S. Ct. at 749-50; Martinez-Lugo, 411 F.3d at 600; Mares, 402 F.3d at 520-21. Nevertheless, he still must show that the error affected his substantial rights; he must demonstrate that "the error must have affected the outcome of the district court proceedings." Martinez-Lugo, 411 F.3d at 600 (citation and internal quotation marks omitted).

Chavez has not shown that any error affected his substantial rights. See Mares, 402 F.3d at 521-22. He has not demonstrated that "the sentencing judge--sentencing under an advisory scheme

rather than a mandatory one--would have reached a significantly different result." Id. Based on the record before us, we do not know what sentence the district court would have imposed had the Guidelines been advisory. See id. at 522. Accordingly, Chavez has not established plain error. See Martinez-Lugo, 411 F.3d at 601; United States v. Bringier, 405 F.3d 310, 317-18 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535); Mares, 402 F.3d at 521-22.

Chavez contends for the first time on appeal that 21 U.S.C. § 841(a) and (b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He asserts that the penalties based on drug type and quantity set forth in 21 U.S.C. § 841(b), which have been held to constitute sentencing factors rather than elements of the offense, conflict with Apprendi and cannot be severed from the substantive portions of the statutes. Chavez admits that he raises the issue to preserve it for further review.

As Chavez concedes, his arguments are foreclosed. United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000); see United States v. Valenzuela-Quevedo, 407 F.3d 728, 731 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). We are bound by our prior precedent. See United States v. Lee, 310 F.3d 787, 789 (5th Cir. 2002).

Chavez's conviction and sentence are AFFIRMED.