United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-41273
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH JAMES JENDRZEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:04-CR-49-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth James Jendrzey pleaded guilty to being a felon in
possession of a firearm and ammunition and was sentenced to 78
months of imprisonment and three years of supervised release.
Jendrzey appeals his conviction, arguing that 18 U.S.C.
§ 922(g)(1) is unconstitutional because it does not require a
substantial effect on interstate commerce. Alternatively, he
contends that evidence of mere movement of the ammunition across
state lines is insufficient to establish a substantial effect on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interstate commerce.  Jendrzey concedes that his arguments are foreclosed, but he raises them to preserve additional review.

The "constitutionality of § 922(g) is not open to question." United States v. Daugherty, 264 F.3d 513, 517 (5th Cir. 2001). Evidence that a firearm or ammunition has traveled in interstate commerce at some point in the past is sufficient to support a conviction under § 922(g), even if the defendant possessed the firearm or ammunition entirely intrastate.  United States v. Lee, 310 F.3d 787, 788-89 (5th Cir. 2002); United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999).

AFFIRMED.